COMEY v. UNITED SURETY CO.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

1. CONTRACTS (§ 316*)—BREACH—WAIVER BY SUBSEQUENT CONTRACT.

Where a second contract made by plaintiff with the same contractor, after the latter had failed to perform a prior contract for the same work, provided that the second contract should not revive the original contract or operate as a waiver of any rights thereunder, and was approved by the surety "without prejudice to any rights of the respective parties under" the first contract, plaintiff did not, by executing the second contract, waive his right to damages for breach of the first contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1382–1387, 1395, 1398–1400, 1480–1491; Dec. Dig. § 316.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PRINCIPAL AND SURETY (§ 149\*)—SUIT AGAINST SURETY—LIMITATIONS IN CONTRACT.

A provision in a bond securing the performance of an excavation contract, requiring any suits against the surety to be instituted within six months after the completion of the work, would not apply to an action for damages for failure to perform the contract, though a second contract was entered into with the same contractor for completion of the work after failure to complete it under the first contract.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 414; Dec. Dig. § 149.\*]

Appeal from Special Term, New York County.

Action by John F. Comey against the United Surety Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and judgment directed for plaintiff as stated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Hugh A. Bayne, of New York City, for appellant.

Edwin Blumenstiel, of New York City (Milton M. Blumenthal, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action against a surety to recover damages alleged to have been sustained by the plaintiff through the failure of the defendant's principal to perform a contract. On the 19th day of August, 1908, the Pucci Contracting Company, a domestic corporation, entered into a contract in writing with the plaintiff, by which it agreed to excavate a certain plot of ground in the borough of Manhattan, N. Y., on or before the 15th day of April, 1909, according to a plan agreed upon, and to pay as liquidated damages the sum of $10 for each working day that it delayed the completion of the work after May 1, 1909, and in consideration therefor the plaintiff agreed to pay it the sum of $20,000. The contractor, and the defendant as its surety, executed a bond, bearing even date with the contract, for the faithful performance by the contractor.

The plaintiff alleges that the contractor entered upon the performance of the work, but without fault on his part and in violation of the contract failed fully to perform the contract, to his damage in the sum of $7,500, which amount was duly demanded of the defendant.

The uncontroverted evidence shows that the contractor, after entering upon the performance of the work, abandoned the same without cause on or about the 1st day of March, 1909, and refused further to perform. The contract price of the work performed by the contractor before abandoning it aggregated the sum of $5,994, which, with the exception of 10 per cent. authorized to be deducted by the owner until the final completion of the work, was paid to the contractor. After the abandonment of the work by the contractor, it appears that the plaintiff called upon the surety to complete, and, after some negotiations, another contract in writing was made by and between the plaintiff and the original contractor on the 28th day of May, 1909, for the completion of the work, and plaintiff therein agreed to pay the con-

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tractor, for so completing the work, the sum of $17,564.40; and it was agreed that, at the time of the final payment under the second contract, the plaintiff should also pay the contractor the sum of $599.40, being the 10 per cent. reserved under the first contract. The second contract was fully performed upwards of six months prior to the commencement of this action. There appears to have been no adjustment or settlement of the plaintiff's right to liquidated damages under the first contract, and the completion of the work has .cost him upwards of $3,000 more than if the contractor had performed its original contract for which the defendant was surety.

[1] The theory on which the complaint has been dismissed, as shown by the memorandum opinion of the trial court, is that the second contract entirely superseded the first one, and that the action was not commenced within the time limited by the bond. I am of opinion that the learned court erred in so holding. The second contract, it is true, superseded the first contract with respect to the completion of the work, and the plaintiff thereby agreed to pay the contractor considerably more than the latter was entitled to receive for the same work under the first contract. We find nothing in the record, however, to show that the plaintiff in any manner waived his right to damages for the breach of the first contract. It is a reasonable inference from the evidence that, on the breach of the original contract by the contractor, the plaintiff, instead of doing the work himself or subletting it to another contractor, consented to make a new contract with the original contractor for the completion of the work, with a view to minimizing the damages. The second contract contains an express provision bearing on this point as follows:

"This agreement shall not be deemed to revive said original contract of August 19, 1908, or as a waiver of any rights thereunder, but all the provisions thereof shall apply to this agreement, except as herein modified."

It is evident that the second contract was made only on the understanding that the surety would consent that the plaintiff's right under the original contract should not be prejudiced thereby, for the surety approved it in writing as follows:

"The United Surety Company of Maryland hereby approves of the foregoing agreement without prejudice to any rights of the respective parties under contract bond No. 1297."

The proper construction of the provisions of the contract quoted and of the approval of the surety company thereto is that the second contract was made without prejudice to the plaintiff's rights against the principal under the first contract.

The bond contained a provision giving the surety the option, in the event that the principal should voluntarily abandon the work or should be lawfully compelled to abandon operations thereunder by reason of any of the terms or conditions thereof, to assume the contract and to sublet or complete the same. This it failed to do.

[2] The claim that the action cannot be maintained because it was not brought within six months after the completion of the work is based on a provision of the bond as follows:

"If any suits at law or proceedings in equity are brought against said surety to recover any claim hereunder, the same must be instituted within six months after the completion of the work specified in said contract."

That provision applied only if the work was performed under the original contract, and it has no application to a case like this, which is precisely the same as if the work had been completed by a third party. Manifestly the limitation therein prescribed does not apply to an action for damages where, as here, the contractor failed to perform.

The court found that the completion of the work was delayed by the contractor 223 working days after the 1st of May, 1909. The defendant in the circumstances cannot claim that the plaintiff should have had the work sooner completed or that the cost of completion was not the reasonable cost thereof. We see no occasion, therefore, for awarding a new trial in this action. The conclusions of law inconsistent with the views of this court are reversed, and we will make additional findings and conclusions in accordance with our views which do not require the reversal of any finding. This requires the reversal of the first conclusion of law, and requires that we make additional findings to the effect that, by reason of the failure of the contractor to perform the first contract, the plaintiff suffered damages to the extent of $3,302.56, the difference between the contract price under the original contract and the cost of completing the work, and liquidated damages aggregating $2,230, being $10 per day for 223 working days, making in all the sum of $5,532.36, and interest thereon from the 10th day of February, 1910, the day of the completion of the work, and a conclusion of law that the plaintiff is entitled to recover against the defendant the sum of $5,532.56, together with interest thereon from the 10th day of February, 1910, besides the costs of this appeal and the costs of the action to be taxed. All concur.