TERENCE McKEGNEY, Appellant, v. ILLINOIS SURETY COM-
PANY, Respondent.

First Department, December 7, 1917.

Principal and surety — liability of surety on bond to secure ful-
fillment of building contract — evidence — cost of completing
building after contractor's default — amount paid to other con-
tractor — liquidated damages.

Where a bond securing proper performance of a building contract provided
in substance that on the contractor's default the surety would pay to the
plaintiff the expenses to which he might be put in completing the work
and that the plaintiff might employ other persons to complete the work,
the expense of such completion to be a charge against the contractor,
and that the latter should have no claim to any unpaid balance until all
expenses incurred by the plaintiff in finishing the work, including damages
sustained by the plaintiff, were deducted, it was error for the court in an
action against the surety to require the plaintiff to prove item by item the
work left undone by the contractor and the reasonable value of com-
pleting each item.

The plaintiff was entitled to prove the amount actually paid to another
contractor to complete the work after the original contractor's default
and such evidence was *prima facie* proof of the amount of the plaintiff's
claim against the surety.

Where the building contract provided for liquidated damages at a certain
rate per day for the contractor's failure to complete the work within the
stipulated time, the plaintiff may recover said stipulated damages in
addition to the cost of completing the work.

LAUGHLIN, J., dissented in part, with opinion.

APPEAL by the plaintiff, Terence McKegney, from a judg-
ment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of New York on the
27th day of November, 1916, upon a dismissal of the com-
plaint by direction of the court at the close of plaintiff's case.

*Cornelius Huth,* for the appellant.

*L. Laflin Kellogg,* for the respondent.

SCOTT, J.:
    The action is upon a bond given to plaintiff by the Payne
Construction Company as principal and the defendant as
surety conditioned for the faithful performance by the prin-

cipal of a building contract between it and the plaintiff. The contract is in a form very commonly used and includes an agreement by the construction company that the work shall be fully performed on or before the 15th day of February, 1913, " it being distinctly and thoroughly understood that such time is of the essence of this contract." It was further provided that in case of default by the construction company in the performance of the work, the plaintiff might " procure and employ other persons to perform and furnish the work and materials hereby required, so as fully to execute the same in every respect." The expense of such performance was made a charge against the construction company which agreed to pay the plaintiff the excess of the cost of such completion over and above the sums provided to be paid therefor by the contract, so that the construction company should have no claim to any unpaid balance of the contract price until " all expenses incurred by the second party [plaintiff] in finishing the work, including any damages sustained by the said second party " be deducted. There was also a provision for the payment of liquidated damages at the rate of $100 per diem for failure to complete the work within the stipulated time. The bond of the surety, given to secure the performance of the foregoing contract, provided that it might at its option assume the performance of the contract. Although ample opportunity was given it to avail itself of this provision it refused to do so.

The construction company defaulted in the performance of the contract after a very small proportion of the whole work had been completed, and the plaintiff after giving due notice to the contractor and the surety proceeded to enter into a contract with another contractor for the completion of the work for a lump sum price which somewhat exceeded the price for which the construction company had agreed to perform the work. This action is brought in part to recover the excess cost. To support so much of its cause of action plaintiff attempted to prove the contract he had made with the second contractor for the completion of the work, and the sums paid thereunder. This proof the trial court refused to receive and insisted that plaintiff must prove item by item the work left undone when the Payne Construction Company

defaulted and the reasonable value of completing each item of work. This was error. The surety's agreement was that in case of default 'its principal should pay to plaintiff the cost and expense to which the latter might be put in completing the work. The rule in such a case is no different from that which would be applied in an action against one who had agreed to make repairs which he had failed to make and which the plaintiff had consequently been obliged to make. As to such a case the rule has been laid down as follows: " But where a covenantee has made repairs which the covenantor was bound, but has neglected to make, and has proceeded in the usual way and no fraud is shown, nor any facts to impeach the reasonableness of the account, the sum actually expended in the work is, we think, *prima facie* the sum which he is entitled to recover. In the absence of proof neither fraud, recklessness nor extravagance will be presumed, and this measure of recovery presumptively gives the covenantor actual indemnity only." (*Mayor, etc.,* **v.** *Second Ave. R. R. Co.,* 102 N. Y. 572, 577.) In the present case there can be no doubt that the usual way to construct a building is by contract or contracts, and nothing appears in the case to impeach the contract for completion. Proof of making the contract and of the amount actually paid under it were, therefore, competent to establish *prima facie* the plaintiff's claim in this regard. (See, also, *Along-the-Hudson Co.* v. *Ayres,* 170 App. Div. 218, 221; *Comey* v. *United Surety Co.,* 160 id. 698, 701; affd., 217 N. Y. 268; *Elmohar Co.* v. *People's Surety Co.,* Id. 289, 293.)

A second question presented by the appeal is as to the plaintiff's right to recover the stipulated damages for delay, in addition to the cost of completing the work. That he is so entitled appears to be settled by *Comey* v. *United Surety Co.* (*supra*) where the very question was considered and decided favorably to the plaintiff's contention. The plaintiff is entitled to that compensation which will leave him as well off as he would have been if the contract had been fully performed. This includes not only the cost of completion, but also any special loss by reason of delays, etc. (*Kidd* **v.** *McCormick,* 83 N. Y. 391; *Morrell* v. *Irving Fire Ins. Co.,* 33 id. 429.)

The judgment appealed from is reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING and SMITH, JJ., concurred.

LAUGHLIN, J. (concurring):

I concur in the reversal of the judgment on the ground that the court erred in requiring plaintiff to prove the reasonable value of each item of the work and for other errors in excluding evidence; but I do not agree with Mr. Justice SCOTT that the damages for a breach of a construction contract may be shown by the amount agreed to be paid by a contract let not pursuant to statute or even competitive bidding but privately, for finishing the work without other evidence tending to show the cost of completion, or that the amount agreed to be paid by the contract was the reasonable cost or value of the work. In *Mayor, etc., v. Second Ave. R. R. Co.* (102 N. Y. 572) it was held that the cost of completion by day labor at the current wages and by the purchase of material in the usual way was presumptive evidence of the damages in the absence of fraud or facts tending to impeach the reasonableness of the expenditures; but that decision is not, I think, authority for the proposition that the amount agreed to be paid for completion is *prima facie* evidence of the damages sustained, for there is no presumption that in such case the contract for completion would not be let for more than the reasonable cost of completion. In the other cases cited by Mr. Justice SCOTT this point was not presented for decision. The rule is well settled that in an action by a vendor for a breach of a contract to purchase goods to be manufactured or by a contractor for a breach in refusing to permit the performance of work, the damages recoverable are not to be measured by the difference between the contract price and the cost of performance to the plaintiff under a special contract, but the difference between the contract price and the reasonable cost of performance. (*Devlin v. Mayor,* 63 N. Y. 8; *Isaacs v. Terry & Tench Co.,* 125 App. Div. 532; *Belle of Bourbon Co. v. Leffler,* 87 id. 302; *McManus v. American Woolen Co.,* 126 id. 68.) This, I think, is the safer rule and ordinarily there should be no difficulty in following it. The plaintiff could have asked the con-

tractor or whoever estimated for him what would have been the reasonable cost of completing the work left unperformed, and if it was a *bona fide* contract this would, of course, produce the same result; but I know of no precedent for proving the damages by merely proving the amount agreed to be paid for completion, and I think it unwise to establish such a precedent for it would often result in casting the burden of proof on the defendant with respect to the damages whereas it rests on the plaintiff.   If it be held that the amount agreed to be paid for completion without other proof is *prima facie* evidence of damages then that will stand as some evidence to be weighed by a court or jury and will authorize a recovery on that basis, unless the defendant conclusively impeaches it or overcomes it, quite analogous to the doctrine of *res ipsa loquitur*.

Judgment reversed and new trial ordered, with costs to appellant to abide event.