BOARD OF EDUCATION OF CITY OF NEW YORK, Plaintiff, *v.* OSCAR SANDMAN and Others, Defendants.

Supreme Court, New York County, May 23, 1929.

*Arthur J. W. Hilly,* Corporation Counsel [*Joseph H. Miles* of counsel], for the plaintiff.

*Philip Adler,* for the defendants.

TOWNLEY, J. On January 4, 1922, defendant Sandman contracted with the plaintiff to do some general repairs, painting, etc., in a public school in the city of New York for the agreed contract price of $805, the work to be finished within ninety days after the contractor was notified to commence work. On May 10, 1922, plaintiff duly notified said contractor to commence work, but Sandman never performed any of the work and abandoned the contract. On March 27, 1924, plaintiff duly awarded a new contract for the same work to another contractor for the agreed contract price of $973, and such other contractor completed the work within sixty-four days after May 7, 1924, the date when he was notified by plaintiff to begin work. The defendant surety company gave its undertaking in the sum of $400 to secure the performance of Sandman's contract.

Plaintiff seeks to recover against each of these defendants the sum of one hundred and sixty-eight dollars, representing the excess cost of the work under the second contract, and also the sum of three thousand four hundred and sixty dollars, claimed as " liquidated damages," representing 346 days' delay in the completion of the work at the rate of ten dollars a day. Taking into consideration the subject-matter of the contract and the circumstances of the parties when the contract was made under a fair construction of

the entire contract, including clause M thereof, the plaintiff's claim for liquidated damages is not justified. The contract provisions for payment as liquidated damages of ten dollars a day for every day the work remained uncompleted beyond the time set for its completion very clearly show that the intention of the parties was that such provision should apply only to delayed and not to abandoned performance. Clause M of the contract provides that the contractor shall pay ten dollars for each day in excess of ninety working days as liquidated damages and not as a penalty: " In case the contractor shall fail to complete the work in accordance with the specifications and to the satisfaction of the board and superintendent within the time aforesaid." This contractor made no attempt to complete or even to commence the work, but utterly abandoned and repudiated the contract.

Similar provisions in building contracts uniformly have been held inapplicable where the contractor repudiated the contract without performance of any of the work. (*Gallagher* v. *Baird*, [First Dept. 1900] 54 App. Div. 398; *Murphy* v. *United States Fidelity & Guaranty Co.*, [1905] 100 id. 93; affd., without opinion, 184 N. Y. 543; *Village of Canton* v. *Globe Indemnity Co.*, [Third Dept. July, 1922] 201 App. Div. 820.) In *Village of Canton* v. *Globe Indemnity Co., supra*), COCHRANE, P. J., writing the opinion of the court, stated: " The authorities quite uniformly hold as far as I am advised that a provision for liquidated damages in a building contract such as we are here considering should be construed as applying only to delayed and not to abandoned performance [citing cases]. * * * It seems anomalous that an owner should be allowed liquidated damages for delays in the completion of a contract which the owner itself completed even though as is probably true in this case the plaintiff proceeded with due diligence. There are few cases indeed where it cannot be said that even more than due diligence might have been exercised. * * * The provision for liquidated damages must be construed, not in the light of the fact that there has been no ' unnecessary delay ' by the plaintiff, but in the light of possibilities permitted by such construction. There would be a constant temptation to an owner in such a case not to hasten the work to completion. The inference from this is that it was the intention of the parties that the liquidated damages should apply only to work performed by the contractor, and not by the plaintiff."

The cases relied on by the plaintiff are not contrary to the foregoing decisions and are not controlling here; all are cases where the contractor commenced the work and thereafter breached the contract. Further, the magnitude of the stipulated sum now claimed

by plaintiff as liquidated damages for delay in the completion of the work when compared not only with the value of the subject-matter of the contract but also with the resulting damages reasonably to be anticipated from a breach, is manifestly excessive, unreasonable and plainly greatly disproportionate to the probable consequences of a breach by defendant or to the damages actually suffered. In fact, this record fails to show that the plaintiff suffered any damage except merely nominal damages. Accordingly, under the authorities this provision should be construed as a penalty and the plaintiff limited to recovery of the actual damages sustained. (See *Ward* v. *Hudson River Building Co.*, [1891] 125 N. Y. 230; *Hicks* v. *Monarch Cycle Mfg. Co.*, [1903] 176 id. 111; *Seidlitz* v. *Auerbach*, 230 id. 167, 173, 174; *City of New York* v. *Brooklyn & Manhattan Ferry Co.*, 238 id. 52.) Again, plaintiff waited one year and eight months to declare the contract forfeited and two years and two months to relet the same work. Such delay by plaintiff might very well be held to have annulled even a valid obligation of defendants to pay liquidated damages. (*Mosler Safe Co.* v. *Maiden Lane Safe Deposit Co.*, [1910] 199 N. Y. 479.)

Judgment is directed in favor of the plaintiff against each of the defendants for the sum of $168, with interest thereon from October 1, 1924. Motion to set aside verdict and for a new trial will be deemed to have been made by plaintiff and denied, with exception to plaintiff. Clerk is directed to enter judgment accordingly.