JOHN ROSHIRT, INC., Plaintiff, *v.* SIDNEY M. ROSENSTOCK and Others, Defendants.

Supreme Court, Albany County, December 1, 1930

*Wiswall, Walton, Wood & McAffer,* for the plaintiff.

*Thomas J. Burke,* for the defendant owner.

*Porter L. Merriman,* for the defendant Arco Company.

McNAMEE, J. The defendant owner urges that the notice of lien of the Arco Company is void because the amount claimed therein, viz., $668.81, is substantially in excess of the amount proved on the trial, viz., $435.90. There was no evidence in the case to indicate that the enlargement of the amount due was willful or fraudulent. And in view of the provisions of section 23 of the Lien Law (as amd. by Laws of 1929, chap. 515) calling for a liberal construction of the provisions relating to mechanics' liens, the frequent and honest differences in opinion as to the amount due for labor and materials in this class of cases, and the possibility of confusion and errors in the delivery and use of materials in the course of construction, it cannot be said that there was a failure to comply with the statute substantially; and, accordingly, the notice of lien was not rendered ineffective on account of the overstatement. (*Ringle* v. *Wallis Iron Works,* 149 N. Y. 439.)

A more serious question arises upon the objection to this lien, that the Arco Company failed to give its principal place of business within the State, as required by subdivision 1 of section 9 of the Lien Law. It appears from the records of the Secretary of State in evidence, that the defendant the Arco Company is a foreign corporation created under the laws of Ohio, that it has taken the proceedings specified in section 210 (formerly section 15), etc., of the General Corporation Law (as amd. and renum. by Laws of 1929, chap. 650), to authorize it to do business in this State; and in its proceedings this lienor stated 120 Broadway, New York city, c/o Corporation Trust Company, as the place where its office within the State would be located. From the testimony of its salesman,

who sold the goods for which it claims a lien here, it appears that this company has a "warehouse" in Brooklyn, where large quantities of goods are held for sale and delivery, and from which the company ships goods to fill orders in this State. This warehouse is in charge of "a branch warehouse manager," who has charge of the stock of goods, its premises, employees, trucks and shipments.

The notice of lien of the Arco Company states that its principal office and place of business are in Cleveland, Ohio, but makes no reference to an office or place of business in New York. Subdivision 1 of section 9 of the Lien Law (as amd. by Laws of 1929, chap. 515) provides that "The notice of lien shall state: 1. * * * if the lienor is * * * a foreign corporation, its principal place of business within the State." That the Arco Company did have an office within the State is not subject to dispute, as indicated by the record filed by it in the office of the Secretary of State. And a foreign corporation which leases premises in a business center, where it keeps a large stock of goods valued at many thousands of dollars, and to and from which it ships these goods for sale and distribution throughout the State, and where it employs ten persons and trucks to care for this business, must be said to have a place of business within the State. It must be held in these circumstances that this lienor did have a place of business in Brooklyn. Yet the lien of the Arco Company failed to reveal that it had either an office for the transaction of business or a place of business within the State. It has been held that a resident lienor who fails to state his residence thereby invalidates his notice of lien. (*Lincoln National Bank* v. *Peirce*, 98 Misc. 325, 337.) And the failure of the Arco Company here to state in its notice of lien its principal place of business within the State, or any place of business, was a failure to bring itself within the terms of the statute, and, therefore, no lien arose in its behalf.

The defendant owner urges the invalidity of the lien of the plaintiff John Roshirt, Inc., on the ground that the property described in plaintiff's notice of lien is not the property involved in this action, but a wholly separate property. The property described in the notice of lien is located in the town of Colonie, on the northerly side of the Albany-Schenectady road, is a rectangular parcel extending 200 feet on said road by 100 feet deep. The real property described in plaintiff's complaint and which is the property involved in this action, is also located in the town of Colonie, on the northerly side of said road, is an irregular parcel bounded by eight straight lines, with a frontage on said road of 770 feet; and running back from said road in a straight line on one side about a quarter of a mile. While the property

described in the notice of lien is about the size of a village building lot, the property described in the complaint and which is in question here, contains more than 18 acres. The two parcels adjoin each other for a distance of about 100 feet back from the highway, as described in the papers and in the proof, but do not overlap at any point. The property in question in the action has been used for the business purpose commonly known as a road house, and was commonly referred to as " Lion Lodge." One witness testified that he knew it as such for many years. Following the description set forth in the notice of lien is the statement: " Together with the building thereon known as the ' Lion Lodge.' " Apart from these words as quoted, there is nothing whatever in the notice of lien to indicate or refer to the property upon which a lien is claimed.

The court recognizes the right of a lienor to a liberal construction of the statute, but this does not authorize a deviation from the requiremens of the statute. (*Mahley* v. *German Bank*, 174 N. Y. 499, 501.) The court must have in mind that the title to the property in question if sold at foreclosure will depend upon the sufficiency of the notice of lien. (*Storch* v. *Marginal Realty Co.*, 109 Misc. 669, 677.) The statements in the notice of lien must meet the requirements of the statute, by implication at least; and if they fail to do so such defect may not be cured by extrinsic evidence. The notice must be sufficient in and of itself; as was said by the Court of Appeals in a " hard case," that " Even a court of equity has not the power to breathe the breath of life into a notice of lien that is insufficient under the statute." (*Toop* v. *Smith*, 181 N. Y. 283, 289; *Pascual* v. *Greenleaf*, 245 id. 294, 298, 299.) And the Appellate Division has further said that " the statute should not be construed to mean one thing to whomsoever knowledge or notice can be attributed, and something else to the uninformed " (*Fanning* v. *Belle Terre*, 152 App. Div. 718, 722); and again that the best rule is that the description shall " enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others." (*Hurley* v. *Tucker*, 128 App. Div. 580, 583.)

Plaintiff's notice of lien not only failed to describe the property upon which it claimed a lien, but accurately described a wholly different property. And in view of this description of another parcel, it was not sufficient to refer to the property in question by a name only. The description of the property in question in plaintiff's notice of lien was not a sufficient compliance with sub-division 7 of section 9 of the Lien Law (as amd. by Laws of 1929, chap. 515), and, accordingly, no lien arose in favor of the plaintiff.

Proposed findings of fact and conclusions of law may be submitted.