CLEMENTE CONSTRUCTION CORPORATION and Others, Plaintiffs, *v.* P. T. COX CONTRACTING COMPANY, INC., Defendant.

CLEMENTE CONSTRUCTION CORPORATION and Others, Plaintiffs, *v.* P. T. COX CONTRACTING COMPANY, INC., and Others, Defendants.

Supreme Court, Trial Term, New York County, December 27, 1939.

Baar, Bennett & Fullen [*Emil N. Baar, James E. Whalen* and *Arthur Block* of counsel], for the plaintiffs.

*Bandler, Haas & Collins* [*John F. Collins* and *Harry Merwin* of counsel], for the defendants.

PECORA, J. On January 24, 1935, a contract was entered into between defendant P. T. Cox Contracting Company, Inc. (herein called the " Cox Company "), and the New York Central Railroad Company for the construction of the depressed tracks between West Forty-second street and West Fifty-third street, borough of Manhattan. On March 1, 1935, the Clemente Construction Corporation (herein called the " Clemente Company ") entered into a subcontract with the Cox Company for the performance of some of the work under the railroad company contract. The Clemente Company began work on or about February 20, 1935, and continued operations until December 31, 1935, when it ceased all performance of the contract. On January 3, 1936, the Cox Company notified the Clemente Company that it declared the contract terminated pursuant to the terms of paragraph " Twenty-ninth " of the subcontract, and that it would proceed toward completion of the remaining work. Thereupon the Cox Company started the completion of the work, and on January 4, 1936, the Clemente Company filed a notice of lien for $150,000.

Subsequently the Clemente Company's lien and any other claim it had against the Cox Company were assigned to trustees for the benefit of certain creditors of the Clemente Company.

In June, 1936, plaintiffs commenced an action at law in the Supreme Court, Bronx county, to recover damages for breach of

the subcontract. Another action was started in New York county in July, 1936, to foreclose the mechanic's lien, notice of which had been filed in January of that year.

Both actions were consolidated by an order of the Appellate Division, First Department, which provided that the consolidated action should continue as an issue at law in the Supreme Court, New York county. The case came on for trial before this court and a jury, but after the trial had proceeded a few days, the parties stipulated to waive the jury.

At the opening of the trial, plaintiffs withdrew the first cause of action in each of the complaints, and proceeded upon the second cause of action to recover damages for the work which the Clemente Company had completed up to December 31, 1935.

The answers of the Cox Company set up various defenses and counterclaims. Pursuant to an order dated February 17, 1937, the Cox Company served supplemental answers which alleged that the Cox Company had on November 9, 1936, completed the work remaining to be done; that the cost of completion, plus ten per cent thereof, was the sum of $146,252.98; and that the cost to the Cox Company exceeded by the sum of $49,220.45 the amount which the Clemente Company would have been entitled to receive if the Clemente Company had completed the work under the contract. In addition the Cox Company claimed it was entitled to recover liquidated damages for 178 days' delay at $150 a day.

At the conclusion of plaintiffs' case, it was stipulated that if the Clemente Company had completed the work called for in the subcontract, it would have received $479,201.82; and further that the Cox Company had already paid to the Clemente Company $378,298.15 on account of work done.

The subcontract provided (¶ " Twenty-ninth ") that if the Clemente Company in any way failed to comply with any of the requirements of the agreement in performing or completing the work, the Cox Company could " declare this contract terminated; and upon written notice thereof to the subcontractor, may enter upon and take possession of the work, employ persons and purchase materials, tools and equipment suitable for the completion thereof, or contract with any other person or persons for its completion; and, upon completion thereof, if the cost of such completion, plus ten per centum thereon, shall aggregate less than the unpaid balance of the price named or compensation designated in this agreement, the difference shall be paid by the Contractor to the subcontractor, and if such aggregate shall exceed such unpaid balance, such difference shall be paid by the subcontractor to the Contractor."

It, therefore, became necessary to determine the reasonable cost of completion. The Cox Company claimed that such cost, neces-

sarily incurred, was $128,006.95, which it contends was a fair and reasonable sum. Plaintiffs contended that such reasonable cost should not have exceeded $26,368.50.

By stipulation, in the course of defendants' case, the parties agreed to refer certain questions of fact to an arbitrator familiar with the engineering problems involved. Thus the following four matters were referred to Mr. James E. Gibbons, as arbitrator, for determination:

1. (a) What quantities of certain work remained to be done after December 31, 1935?

(b) What other work remained to be done after December 31, 1935, under the subcontract?

2. (a) Was the cost of $128,006.85 claimed by the Cox Company as necessarily incurred by it in the completion of the work required under the subcontract the fair and reasonable cost?

(b) If not, what should have been the fair and reasonable cost to the Cox Company for completing the work?

Mr. Gibbons filed a report wherein he found the quantities of work which remained to be done after December 31, 1935, and he determined that the fair and reasonable cost of completion was $112,909.60. On motion by plaintiffs, for reasons not important here, the court set that report aside. The same questions were thereafter, by stipulation, referred to Mr. Thomas Crimmins, as arbitrator. He determined that the cost claimed by the Cox Company as necessarily incurred by it in the completion of the work was not the fair and reasonable cost, and that such fair and reasonable cost was $64,000. That finding was confirmed by the court, and by stipulation was binding on the parties.

Thus, under paragraph twenty-ninth of the subcontract, the cost of completion, plus ten per centum, would be $64,000, plus $6,400, or $70,400. This sum must be deducted from any amount due to plaintiffs. In addition, it was conceded that defendant's claim for certain "back charges," totaling $1,400, was a correct deduction. The balance, after making these deductions, would be $29,103.67, for which plaintiffs demand judgment.

Defendant contends that the notice of lien filed by the Clemente Company was willfully exaggerated; that, therefore, the lien should be declared void; and that the Cox Company is entitled to damages by reason of such willful exaggeration. Section 39 of the Lien Law provides that if the court find that a lienor has willfully exaggerated the amount for which he claims a lien, as stated in his notice of lien, his lien shall be declared void and no recovery shall be had thereon. Section 39-a provides that where the court shall have declared a lien void on account of willful exaggeration, the person

filing such notice of lien shall be liable in damages to the owner or contractor.

In order to vitiate a lien there must be willful exaggeration. (See *Roshirt, Inc.,* v. *Rosenstock,* 138 Misc. 515; *Sullivan* v. *O'Day Realty Corp.,* 153 id. 634.) In *Yonkers Builders Supply Co.* v. *Luciano* (269 N. Y. 171) the court by FINCH, J., said (at p. 176): " Inaccuracy in amount of lien, if no exaggeration is intended, does not void a mechanic's lien; willfulness also must be shown."

From the proof before me I cannot find any willful exaggeration. Both parties herein seem to have had erroneous impressions of the amounts due to each for work done. Even the two experts chosen as arbitrators were in considerable disagreement as to the reasonable cost of completion. The fact that plaintiffs' claim has now been reduced is no more indicative of willful exaggeration than the fact that defendant's claim of $128,000 as the cost of completion, which has been found to be $64,000, is proof of defendant's intentional misrepresentation. The defense and counterclaim in regard to willful exaggeration are, therefore, dismissed.

There remains the question as to whether defendant is entitled to liquidated damages for breach of the subcontract. Paragraph seventh of the subcontract provided that four of the items of work called for in the subcontract should be completed on or before 225 working days; while under another item 250 days after notice was allowed. Provision was made that if the work were not completed within the time agreed, the subcontractor would be liable for the sum of $150 per day for each day (Sundays and full legal holidays excepted) that the work remained incomplete and unfinished. This sum has been designated as liquidated damages.

The Clemente Company began work on February 20, 1935. However, the contract was executed and delivered on March 1, 1935. Defendant makes no claim based on the 225-day period but is allowing 250 days for all work to be done. The Clemente Company ceased work on December 31, 1935, and the Cox Company completed all operations on November 9, 1936. The evidence shows that there was a strike between June 3, 1935, and July 1, 1935, which included seventeen working days. Giving the Clemente Company credit for these seventeen days, it follows that 267 days from March 1, 1935, would fall on May 4, 1936. The number of days (Sundays and full legal holidays excepted) from May 4, 1936, to November 9, 1936, is 156. There should be deducted from this number five Saturdays, leaving 151 working days. The Cox Company claims liquidated damages at the rate of $150 per day for 151 days, or the sum of $22,650.

Plaintiffs urge that liquidated damages cannot be recovered because performance here was not delayed, but abandoned. There is an apparent conflict among the authorities upon this proposition. Certain adjudications by our courts give support to the contention of the plaintiffs. (See *Village of Canton* v. *Globe Indemnity Co.*, 201 App. Div. 820; *Gallagher* v. *Baird*, 54 id. 398; affd., 170 N. Y. 566; *Lennon* v. *Smith*, 124 id. 578; *Board of Education* v. *Sandman*, 134 Misc. 456; affd., 229 App. Div. 853.) And Professor Williston states: " But if the contract is totally abandoned, the agreed damages cannot be recovered. The provision is construed as applying only to delayed, not to abandoned, performance." (3 Williston, Contracts [Rev. ed.], § 785.)

In the First Department, however, there have been direct holdings to the contrary, which have not been challenged by any decisions. In *Comey* v. *United Surety Co.* (160 App. Div. 698; affd., 217 N. Y. 268) the contractor abandoned the work after performing part thereof. The court allowed damages for the difference between the contract price and the cost of completing the work, as well as liquidated damages. In *Mc Kegney* v. *Illinois Surety Co.* (180 App. Div. 507 [1st Dept. 1917]) the contract provided for liquidated damages at a certain rate per day. In addition, in case of default by the contractor, provision was made that others might be procured to complete the work, and the contractor would be obligated to pay the excess cost of such completion. In these respects the contract was similar to the one in question here. The contractor defaulted in the performance of the contract before the work had been completed, and plaintiff obtained another contractor to complete the work. The court, per Scott, J., stated (at p. 509): " A second question presented by the appeal is as to the plaintiff's right to recover the stipulated damages for delay, in addition to the cost of completing the work. That he is so entitled appears to be settled by *Comey* v. *United Surety Co.* (*supra*) where the very question was considered and decided favorably to the plaintiff's contention. The plaintiff is entitled to that compensation which will leave him as well off as he would have been if the contract had been fully performed. This includes not only the cost of completion, but also any special loss by reason of delays, etc. (*Kidd* v. *McCormick*, 83 N. Y. 391; *Morrell* v. *Irving Fire Ins. Co.*, 33 id. 429.)"

The later case of *Village of Canton* v. *Globe Indemnity Co.* (201 App. Div. 820 [3d Dept. 1922]), cited by plaintiffs, seems to hold an opposite view. There the court said, per Cochrane, J. (at p. 824): " The authorities quite uniformly hold as far as I am advised that a provision for liquidated damages in a building contract such as

we are here considering should be construed as applying only to delayed and not to abandoned performance." (Citing cases, including *Murphy* v. *United States Fidelity & Guaranty Co.*, 100 App. Div. 93; affd., 184 N. Y. 543.)

It is noteworthy that the opinion in the *Village of Canton* case makes no mention of the *Comey* and *McKegney* cases (*supra*). An examination of the record on appeal and the briefs submitted in the Appellate Division in the *Village of Canton* case discloses that neither the *Comey* nor the *McKegney* case was called to the court's attention. Had the appellate court been advised of those cases it is conceivable that it would have reached a conclusion in harmony with those decisions.

The better rule, in the opinion of this court, is to allow liquidated damages in such cases. Otherwise, it would be easily possible for a contractor to avoid liability, under a contractual provision for the payment of liquidated damages for delay in completion, by deliberately abandoning the work as soon as he became convinced that he could not complete it within the specified time. Foundation for this view is afforded not only by the *Comey* and *McKegney* cases (*supra*), but by subsequent decisions of other courts. In *Southern Pacific Co.* v. *Globe Indemnity Co.* (21 F. [2d] 288), SWAN, J., writing for the court, said (at p. 291): " It is urged that a liquidated damage clause does not apply when work under the contract is abandoned by the contractor. *Murphy* v. *U. S. Fidelity & Guaranty Co.*, 100 App. Div. 93; affd., 184 N. Y. 543, and *Village of Canton* v. *Globe Indemnity Co.*, 201 App. Div. 820, are cited as authorities to this effect, and a similar statement may be found in Williston, Contracts, § 785. A close examination of the cases, however, does not in our opinion establish such a rule, and we can see no justification for it, at least when the contractor abandons after the time for completion has passed."

In the recent case of *Six Companies of California* v. *Joint Highway Dist. No. 13* (24 F. Supp. 346) the court adopted the rule that a liquidated damage clause in a contract must be enforced even though delay occurs because of abandonment. In approving this decision, a note in 52 Harvard Law Review says (at p. 161): " The older view, then, is anomalous in that the more flagrant the breach and the greater the likelihood of delay, the more difficult it will be for the owner to recover for the delay he was guarding against."

The case of *Board of Education* v. *Sandman* (134 Misc. 456; affd., 229 App. Div. 853) is clearly distinguishable. There the contractor never commenced to work but " utterly abandoned and repudiated the contract." The learned Mr. Justice TOWNLEY stated (at p. 458) that the cases against the rule enunciated by him

were " cases where the contractor commenced the work and thereafter breached the contract." Futhermore, the court in that case was evidently impressed with the unreasonable magnitude of the liquidated damages."

In the instant case the allowance of liquidated damages will not result in any injustice. The parties intended that the clauses in the contract should not be mutually exclusive; that there should be concurrent remedies. Certainly if their intention were otherwise it would have been simple to make such provision.

The evidence established that the Cox Company proceeded without delay toward completion of the work. The defendant is, therefore, entitled to liquidated damages for a delay of 151 days after May 6, 1936, which amounts to $22,650. The deduction of this amount from the sum of $29,103.67, which would otherwise be due to the Clemente Company, leaves $6,453.67. for which judgment is hereby directed in favor of plaintiffs, together with interest from November 9, 1936, and costs. Settle judgment.