DURAND REALTY Co., INC., et al., Plaintiffs, *v.* ABRAHAM STOLMAN et al., Individually and as Copartners Doing Business under the Name of J. STOLMAN's SONS, Defendants.

Supreme Court, Trial Term, New York County, December 21, 1949.

*Kadel & Hoffmann* for Durand Realty Co., Inc., plaintiff.

*Sidney M. Wittner* for Samuel Blank and another, plaintiffs.

*Louis Susman* for defendants.

VALENTE, J. This lawsuit presents no consequential factual controversy. It has been brought to recover damages under the provisions of section 39-a of the Lien Law (L. 1930, ch. 859, § 20). The plaintiffs are the owner and lessees, respectively, of certain premises situated in Bronx County, and the defendants were mechanics, lienors, having performed work and furnished materials pursuant to a contract made with the plaintiffs, lessees of the premises. In an action to foreclose the lien which was filed against the respective interests of both of the present plaintiffs the issues were referred by consent to an Official Referee to hear and determine and, after taking testimony, he decided that these defendants had willfully exaggerated the amount of their lien and, pursuant to the provisions of section 39 of the Lien Law, he declared the lien void and cancelled it. The present action has been brought to recover the damages allowed by section 39-a which contains the following provision: "* * * The damages which said owner or contractor shall be entitled to recover, shall include * * * an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon."

There can be no doubt that, in adding the foregoing provision to the statute in 1930, the Legislature intended to supply an additional protection to the owner or contractor from fictitious, groundless and fraudulent liens by unscrupulous lienors. There is nothing to indicate any legislative intent to bring within the prohibition or penalties of the statute honest differences of opinion as to the amount due or inaccuracy in the amount of the lien so long as no exaggeration was intended. The law was framed to punish willful exaggeration and nothing else (*Goldberger-Raabin, Inc., v. 74 Second Ave. Corp.,* 252 N. Y. 336; *Yonkers Builders Supply Co. v. Luciano & Sons, Inc.,* 269 N. Y. 171; *Clemente Constr. Corp. v. Cox Contr. Co.,* 172 Misc. 904; *Sullivan v. O'Dea Realty Corp.,* 153 Misc. 634). The cases cited deal, it is true, with the provisions of section 39 and not with those of section 39-a, but both sections must be read together. Defendants' attorney, in his brief, states that extended search failed to discover any action brought for a construction of this section, and diligent examination of all likely sources has failed to reveal any action brought to recover damages under section 39-a. I am, however, unable to agree with the interpretation sought by the plaintiffs, namely, that when a lien has been declared void and cancelled for willful exaggeration, the owner or contractor is entitled to recover, as damages, the full amount claimed in the notice of lien regardless of whether or not the lien included some amounts which would support a recovery except for the willful exaggeration.

The language of the section, read in connection with the evident intent of the Legislature, indicates that the damages are limited to the amount by which the lien is willfully exaggerated. The statute upon which the plaintiffs rely is highly penal. It subjects any person who violates its provisions to a civil penalty at the suit of the person aggrieved. One of the well-settled canons of statutory construction is that purely statutory offenses cannot be established by implication. Innocent and lawful acts must not be made wrongful unless there is a clear and unequivocal expression of the Legislature to make them such (*Burks v. Bosso,* 180 N. Y. 341; *People v. Shakun,* 251 N. Y. 107; *Hornstein v. Paramount Pictures, Inc.,* 292 N. Y. 468).

If the Legislature intended the punishment for filing a willfully exaggerated lien to be damages for the full amount claimed, the use of brief, simple language could easily have expressed such intent. The use of the equally clear expression " amount equal to the difference by which the amount claimed * * * as stated in the notice of lien exceeded the amount actually due or

to become due thereon '' indicates persuasively that the amount of damages should equal the amount by which the amount actually due was willfully exaggerated. It has become firmly settled that the fact of willful exaggeration must be established in the trial of the foreclosure action (*Matter of Lustbader Contr. Corp.*, 144 Misc. 875; *Clemente Constr. Corp.* v. *Cox Contr. Co.*, 172 Misc. 904, *supra; Fox Constr. Corp.* v. *Halikman*, 88 N. Y. S. 2d 156). There was nothing to prevent the present plaintiffs from obtaining an adjudication, in the foreclosure action, of the difference between the amount claimed and the amount actually due. No explanation is offered for their failure to do so. The present litigation is not the proper vehicle for reaching such a result. The statement in the decision of the learned Official Referee that: '' The defendant Blank has established by documentary proof that he paid plaintiffs $7,000. This sum I find more than pays the plaintiffs for all the work and additional work alleged to have been performed '' is not equivalent to a finding that no amount was due on the lien for work performed and materials furnished for which a recovery might have been had except for the willful exaggeration of such amount. The present plaintiffs having failed to establish the amount of such exaggeration, and in the absence of any finding in the previous action as to the amount of the difference which may be included in the damages to which plaintiffs are entitled under section 39-a, this portion of their claim is disallowed. The defendants conceded on the trial that the amount alleged to have been paid as attorney's fees is reasonable, and each plaintiff is awarded judgment accordingly for the amount claimed as attorney's fees.

This disposition of the issues presented renders it unnecessary to make any determination of the question of unconstitutionality of the statute as raised by the defenses interposed by the defendants and so ably presented by the defendants' attorney. These defenses are not directed to the portion of the statute giving damages for the amount of premium for a bond or the amount of reasonable attorney's fees for services in securing the discharge of the lien. Nothing herein stated is intended or is to be taken as a determination of or as an expression of any opinion as to the constitutionality of the statute in a proper case. The foregoing constitutes the decision of the court and the findings as made. Judgment is directed in favor of the plaintiff Durand Realty Co., Inc., in the amount of $725.75, and in favor of the plaintiffs Samuel Blank and Blank Electric & Plastics Corp. in the sum of $820, with interest on both amounts from April 27, 1948, together with taxable costs and disbursements.