In the Matter of JOHN CLEMENS et al., Petitioners. V. ZAPPALA & Co., INC., Respondent.

Supreme Court, Special Term, Rensselaer County, May 7, 1951.

*Ellis J. Staley, Jr.,* for petitioners.

*Paul F. Donohue* for respondent.

*John J. Conway* for Industrial Bank of Commerce of Albany.

HAMM, J. The lienor filed a mechanic's lien against lots 15, 16 and 17 on January 23, 1951. The materials furnished were used exclusively for improvements on lot 12. Lot 12 and lots 15, 16 and 17 are all owned by the same owners denominated in the notice of lien. Lot 12 was acquired by a deed separate from the deed to lots 15, 16 and 17 and the grantor of lot 12 was not the grantor of lots 15, 16 and 17. Lot 12 and lots 15, 16 and 17 are not contiguous. In the notice of mechanic's lien lots 15, 16 and 17 are described with precision and without reference to any other parcel.

The lienor seeks an order amending his notice of lien to substitute the description of lot 12 for the description of lots 15, 16 and 17. The owners move to discharge the lien.

Section 12-a of the Lien Law reads as follows: " In a proper case, the court may, upon five days' notice to existing lienors, mortgagees and owner, make an order amending a notice of lien upon a public or private improvement, nunc pro tunc. However, no amendment shall be granted to the prejudice of an existing lienor, mortgagee or purchaser in good faith, as the case may be." This amendment became effective July 1, 1932 (L. 1932, ch. 627), as to all contracts entered into subsequently to that day. Before the addition of section 12-a the law in a situation of this nature was clear. In *John Roshirt, Inc.,* v. *Rosenstock* (138 Misc. 515), Mr. Justice McNAMEE stated at page 518: " Plaintiff's notice of lien not only failed to describe the property upon which it claimed a lien, but accurately described a wholly different property. And in view of this description of another parcel, it was not sufficient to refer to the property in question by a name only. The description of the property in question in plaintiff's notice of lien was not a sufficient compliance with subdivision 7 of section 9 of the Lien Law (as amd. by Laws of 1929, chap. 515), and, accordingly, no lien arose in favor of the plaintiff."

Since the addition of section 12-a an amended notice of lien *nunc pro tunc* has been permitted in the case of a mere misdescription (*Matter of Thomas J. Dorsey, Inc.* [*Home Lbr. Co.*], 240 App. Div. 1005). However, it seems never to have been

held that an accurate description of property entirely different from the property on which the improvements were made creates a lien of such validity as to permit an amendment under section 12-a.

*Matter of Frank Teicher, Inc. (Gold)* (239 App. Div. 285), decides nothing as to section 12-a because the contracts forming the basis of the lien were admittedly entered into prior to July 1, 1932. However, Mr. Justice MARTIN, speaking for a unanimous court, had occasion at pages 287–288 to refer to the section and he stated: " Section 12-a being an enlargement of the common law is not to be construed as giving the court the power to construct a valid lien out of a defective notice. It may be construed to give the court the power only to amend the lien, and that presupposes the existence of a valid lien."

In Blanc's New York Law of Mechanics' Liens (1949) the author at pages 243–244 says of section 12-a: " The section presupposes the existence of a valid lien, for it cannot give the power to construct a valid lien out of a fatally defective notice, and if the requirements of the law have not been met by the notice of lien, the section does not apply. Amendment is not creation, and the section may not be used to give, ' in effect, the right to file a new lien long after the statutory permissive date.' "

In *Karp* v. *Finerman* (N. Y. L. J., Dec. 4, 1937, p. 1994, col. 1) it was stated by Mr. Justice STEINBRINK in denying a motion for an order to amend a notice of lien *nunc pro tunc:* " What the petitioner here seeks is not correction of a lien, but in effect the right to file a new lien long after the statutory permissive date. No such procedure is sanctioned by section 12-a of the Lien Law."

There is an additional element in this case. An affidavit has been filed by a mortgagee. Section 12-a states: " However, no amendment shall be granted to the prejudice of an existing * * * mortgagee ". After the notice of lien was filed the mortgagee, The Industrial Bank of Commerce of Albany, advanced $2,500 to the owners on a mortgage. This mortgage included lot 12, the premises which were improved, and also lots 15 and 16, but not lot 17. It may be repeated that the lienor's notice of lien was erroneously filed against lots 15, 16 and 17, rather than against lot 12, the improved premises. The mortgagee's affidavit states that the money was obtained by the owners for the purpose of purchasing materials for the construction of a motel on lot 12 and it further states:

"Deponent further says that in the event the said Mechanic's Lien which was filed in the Albany County Clerk's Office on January 23rd, 1951, had correctly designated Lot No. 12, the said Bank would not have made the additional advance of Twenty-five Hundred ($2500.00) Dollars on February 1st, 1951. Deponent further says that the said Bank was never served with a copy of the said notice of Mechanic's Lien.

"That your deponent respectfully alleges that if this amendment were permitted, the Bank's position would be weakened and, for that reason, respectfully requests that the said motion to amend the Notice of Lien be denied."

In all the circumstances the lienor's notice to amend must be denied and the owners' motion to vacate must be granted.

An order may be submitted accordingly.