■ ARTHUR YOUNG & COMPANY, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 65209). STATE OF NEW YORK, Respondent, v ARTHUR YOUNG & COMPANY, Appellant. (Claim No. 65209-A.) — Cross appeals from an order of the Court of Claims (Murray, J.), entered June 21, 1983, which, *inter alia,* denied motions by Arthur Young & Company and the State for further disclosure in claim No. 65209 and granted the State partial summary judgment with respect to a liquidated damages provision in claim No. 65209-A. ¶ Claimant Arthur Young & Company (Arthur Young) is an accounting firm partnership which also does consulting work on financial management. By contract dated August 4, 1977, the Department of Social Services of the State of New York (DSS) retained Arthur Young to develop a conceptual design of a financial management system to replace manual operations with computers to manage finances, statistics and various administrative functions. Pursuant to that contract, claimant delivered a certain conceptual design and was paid $194,600. In 1978, Arthur Young and DSS entered into a second contract requiring claimant to submit a more detailed design and development of the computer system. Performance was to commence July 10, 1978 and to terminate on or before August 1, 1980. Among other provisions, the parties, in paragraph 31 of the agreement, provided for liquidated damages secured by a bond of $500,000 furnished by Arthur Young. ¶ During performance, disputes arose between the parties and, on March 6, 1981, purporting to exercise its rights under the dispute provisions of the contract, Arthur Young stopped work on the contract and withdrew its personnel from the job site. On March 18, 1981, the State of New York commenced an action in Supreme Court alleging that Arthur Young had breached both contracts and had misrepresented its qualifications to DSS. Arthur Young, in answering, asserted a number of affirmative defenses, including affirmative defense number 18, in which Arthur Young alleged that its liability was limited to $500,000. Shortly after the commencement of the State's action, Arthur Young filed a claim against the State in the Court of

Claims. The claim, as subsequently amended by order dated August 25, 1981, alleged, *inter alia,* breach of the second contract by DSS. Eventually, Supreme Court transferred the State's action to the Court of Claims, where it was consolidated with Arthur Young's claim. ¶ During pretrial disclosure proceedings, two disputes arose. The first involved Arthur Young's examination before trial of Roger Nelligan, DSS' project director. When Arthur Young's attorney attempted to question Nelligan in three specific areas, the State's attorney objected and advised the witness not to answer. In a separate episode, the State, in the course of examining a principal of Arthur Young, inquired of the witness how Arthur Young came into possession of a confidential letter written by a consultant. Arthur Young's attorney objected on grounds of attorney-client privilege and refused to permit the witness to answer. At the same examination, counsel for Arthur Young refused to permit the State's attorney to examine the same witness regarding an alleged agreement with Carmen Shang, a former DSS official. ¶ Against this background, the State, in its action against Arthur Young, moved for summary judgment dismissing affirmative defense number 18, in which the defense sought to limit Arthur Young's liability to $500,000. Arthur Young moved to compel witness Nelligan to answer its questions regarding other claims or complaints against DSS, his knowledge of certain Grand Jury proceedings and his understanding of the reason for his transfer to another unit within DSS after this litigation had commenced. The State then moved to stay further proceedings in the Arthur Young claim until Arthur Young disclosed how it came into possession of the confidential letter. ¶ The Court of Claims denied both parties' motions for further disclosure and granted in part and denied in part the State's motion for summary judgment. The court held that the liability limit in paragraph 31 of the second contract applied only to delay damages and not to other types of breach which might be proved by the State. These cross appeals by the parties ensued. ¶ Turning first to the motions for further disclosure, we conclude that the Court of Claims did not abuse its discretion in denying the motion. The Court of Appeals has held that the "material and necessary" test set forth in CPLR 3101 (subd [a]) is to be interpreted liberally to require disclosure of any facts bearing on the controversy which will assist preparation for trial, sharpen the issues and reduce delay (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Here, the court found that Arthur Young's attempts to question Nelligan about other complaints, Grand Jury proceedings and the reasons for his transfer were not "sufficiently relevant to warrant disclosure". We agree. Similarly, the court held that the State could pursue the relationship of Carmen Shang with Arthur Young as well as any knowledge he has concerning the confidential letter by deposing Shang. Again, we agree. ¶ We also concur with the determination of the Court of Claims that the plain meaning of paragraph 31 of the second contract is to limit Arthur Young's liability to $500,000 only with respect to delay damages and not to other types of contract breach that the State might prove at trial. Paragraph 31 states: "The contractor shall obtain a performance bond, in the amount of $500,000, which will guarantee that the contractor shall not, through its own fault, delay the completion of an operations phase required by Appendix B, Appendix D, or this AGREEMENT." It should be noted that the Court of Claims did not attempt to define exactly what type of damages are to be covered by the "cap". Rather, the court stated, "It is for the trial court to determine those items which are properly attributable to matters set forth in paragraph 31 of the contract." Clearly, the court's holding limits the "cap" to "paragraph 31-type" damages. ¶ While the Court of Claims refused to go beyond the four corners of the contract to ascertain the intent of the parties, a review of the record reveals

that even if outside documents are examined, they fail to support Arthur Young's contention that the liquidated damages clause applies to all damages suffered by the State in the event of breach. The language of paragraph 31 in prior drafts of the contract is remarkably similar to the final provisions and at no point is there a statement that all damages will be controlled by the dollar limitation set forth in paragraph 31. The court was also correct in rejecting Arthur Young's contention that the language of the bond is evidence that the parties intended to limit all damages. The bond must be treated as part of the main contract and cannot be used to modify the clear meaning of paragraph 31 (see *American Trading Co. v Fish,* 42 NY2d 20, 27-28). ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.