■ TOWN OF NORTH HEMPSTEAD, Respondent, v SEA CREST CONSTRUCTION CORP. et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), entered August 5, 1985, which denied their motion to dismiss the plaintiff's fourth and fifth causes of action pursuant to CPLR 3211 (a) (1) and (7).

Order affirmed, with costs.

The instant action involves a contract entered into by the plaintiff and the defendant Sea Crest Construction Corp. (hereinafter Sea Crest) in July 1976 for the construction of a solid waste treatment facility. The contract originally provided that the project would be completed within 550 days and that time was of the essence. The parties subsequently agreed

to extend the period for completion to 647 days. Sea Crest never completed the project, and in July 1981 the plaintiff notified Sea Crest that it was terminating the contract due to the latter's abandonment thereof.

In or about March 1982 the plaintiff commenced the instant action against Sea Crest and its surety company to recover damages for breach of contract. Among the five causes of action alleged in the complaint, the plaintiff's fourth cause of action seeks to recover damages for additional expenses with respect to its contract with plumbing and electrical contractors, incurred by the plaintiff to actually complete the solid waste treatment plant. The fifth cause of action seeks damages in the name of both the plaintiff and its constituents for the benefits that were denied to them as a result of the failure to have a completed and operating solid waste treatment facility and the further exacerbation of the plaintiff's landfill problems.

Following the service of their answer, the defendants moved to dismiss the plaintiff's fourth and fifth causes of action pursuant to CPLR 3211 (a) (1) and (7). The defendants maintained that these causes of action, seeking recovery of actual damages caused by Sea Crest's alleged breach of the contract, were barred under article 4 (d) (1) of the parties' contract which provided, *inter alia,* as follows: "Liquidated Damages for Delay. (1) Inasmuch as the damage and loss of the Owner which will result from a failure by the Contractor to complete the work within the period specified in the Proposal, Section B, including any extensions thereof fixed and approved as elsewhere provided, may include interest on moneys borrowed for construction and loss from the inability of the Owner to use the site for the purposes intended as scheduled, the damages of the Owner for delay in a case of such failure or failures on the part of such Contractor shall be liquidated in the amount stipulated in the Proposal per day for each consecutive calendar day (Sunday and all holidays included) by which such Contractor shall fail to complete all of his work in accordance with said agreement." Relying on this language, the defendants argued that since the contract provided for liquidated damages caused by Sea Crest's delay, the plaintiff is precluded from seeking recovery for actual damages.

Special Term denied the defendants' motion to dismiss the complaint on the basis that proper causes of action were stated. In addition, the court found that the liquidated damage clause in the parties' contract "is not so clear and unambigu-

ous as to permit this court to say as a matter of law that plaintiff is not entitled to actual damages". We affirm.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) which has not been converted into a motion for summary judgment, the question to be determined is whether the plaintiff actually has a cause of action, and a dismissal will be warranted only in those situations in which it is conclusively established that there is no cause of action (see, Fields v Leeponis, 95 AD2d 822). Judged by this standard, it is clear that the plaintiff's fourth and fifth causes of action were not subject to dismissal. The liquidated damage clause in the parties' contract appears to apply to situations in which damages were sustained due to delays in Sea Crest's full performance of the construction contract. The clause does not, however, specifically limit the amount of actual damages that the plaintiff may recover upon Sea Crest's abandonment of the contract. Therefore, dismissal of the plaintiff's fourth and fifth causes of action at this stage of the proceedings is not warranted (see, Murphy v United States Fid. & Guar. Co., 100 App Div 93, affd 184 NY 543; see also, Village of Canton v Globe Indem. Co., 201 App Div 820; Clemente Constr. Corp. v Cox Contr. Co., 172 Misc 904; Young & Co. v State of New York, 100 AD2d 699). Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.