■ THOMAS WALSH et al., Appellants, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent.—In a proceeding for permission to file a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated December 12, 1986, which dismissed the petition on the ground that the court lacked subject matter

jurisdiction over the claim because the City University of New York, which may only be sued in the Court of Claims, in fact owned the site where the accident occurred.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the question of who owns the subject property, in accordance herewith.

The respondent opposed the petitioners' application to file a late notice of claim solely on the ground that it did not own the premises where the accident occurred, and the premises was in fact owned by the City University of New York. The evidence submitted by the respondent—an unsworn letter from the Special Assistant for Administration of Queens College—did not "unequivocally prove" that the respondent did not own the property (see, Lurie v Child's Hosp., 70 AD2d 1032). Furthermore, the petitioners tendered evidence from the Queens County Tax Assessor's office which refuted the respondent's denial of ownership. The present record is inadequate to allow us to determine the true owner of the subject premises. Accordingly, dismissal of the petition was premature (see, Rovello v Orofino Realty Co., 40 NY2d 633; Town of N. Hempstead v Sea Crest Constr. Corp., 119 AD2d 744) and the matter is remitted to the Supreme Court, Nassau County, so that the conflicting claims of ownership may be more fully addressed and resolved after a hearing. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.