The plaintiff's remaining contentions are without merit. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.

■ JAMES CAULFIELD et al., Respondents, v BERNARD METTEN, JR., et al., Appellants. [713 NYS2d 551] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated September 2, 1999, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff James Caulfield did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motion. The evidence which the defendants submitted in support of their motion included a report evaluating a magnetic resonance image of the injured plaintiff's lumbosacral spine which showed disc herniations at L4-5 and L5-S1. A disc herniation may constitute a serious injury within the meaning of the Insurance Law (*see, Flanagan v Hoeg,* 212 AD2d 756, 757; *Boehm v Estate of Mack,* 255 AD2d 749). The defendants failed to demonstrate that the herniations were not causally related to the subject accident. Accordingly, the defendants failed to make a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.

■ ANTHONY J. DECINTIO, Appellant, v JOANNE CATANIA et al., Respondents, et al., Defendant. [714 NYS2d 217] —In an action, *inter alia,* to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 15, 1999, which granted the motion of the defendants Joanne Catania and Robert L. Weiner to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the respondents' motion to dismiss the complaint insofar as asserted against them for failure to state a cause of action (*see, Lazich v Vittoria & Parker,* 189 AD2d 753,

754; *Town of N. Hempstead v Sea Crest Constr. Corp.,* 119 AD2d 744). Ritter, J. P., Thompson, Krausman and Goldstein, JJ., concur.