■  OFFSET PAPERBACK MFRS., INC., Respondent, v BANNER PRESS, INC., Appellant.—Order, Supreme Court, New York County, dated November 22, 1978 granting plaintiff's motion for discovery and striking the action from the Trial Calendar, is unanimously reversed, *in toto,* on the law and in the exercise of discretion, without costs, and plaintiff's motion for discovery is denied and the action is restored to its place on the Trial Calendar for expeditious trial. This is an action for work, labor, services and materials, with defenses and counterclaims for breach of contract, improper performance, etc. The action was commenced in July, 1974, five years ago. Somehow it has managed to become bogged down in a procedural morass. The complaint demands $94,029. This court in March, 1975 granted partial summary judgment in plaintiff's favor for $43,685, being the amount sued on less the amount of the third counterclaim, and the court severed the action for further proceedings (47 AD2d 733). The Court of Appeals affirmed in April, 1976 (39 NY2d 770). In June, 1976, plaintiff filed a note of issue with a statement of readiness stating that "plaintiff has completed all such [preliminary] proceedings except EBT of defendant and the plaintiff does not intend to conduct these proceedings * * * the defendant has completed all such proceedings except EBT of Plaintiff on defendant's counterclaim and the defendant has had a reasonable opportunity to complete such proceedings." Despite this statement, the parties apparently continued with discovery. By order dated September 16, 1976, filed November 22, 1976, Justice Fraiman at Special Term granted defendant's motion for a stay of execution of the partial summary judgment pending final determination of defendant's counterclaims on condition that defendant's appeal bond remain in effect and be increased to $50,000; that defendant proceed expeditiously with the trial of its counterclaims, and that in the event defendant is dilatory in the prosecution of its counterclaims, plaintiff may apply to the court to vacate the stay. In September, 1978, plaintiff moved to vacate the stay of execution because defendant's prosecution of its counterclaims had been dilatory, and in the alternative for an increase in the bond. Defendant cross-moved to strike the action from the calendar for plaintiff's failure to comply with discovery, etc. Justice Williams at first granted certain relief with respect to documentary inspection, directed both parties to proceed to trial expeditiously and denied the motion to vacate the stay of execution and strike the action from the calendar. Plaintiff moved to reargue and for some relief

with respect to discovery and simultaneously moved for further discovery and examination before trial. The court denied reargument, granted plaintiff's motion for further discovery and struck the action from the calendar on the ground that the action was not ready for trial since all preliminary discovery proceedings had not been completed. Defendant appeals from so much of the order on this decision as grants plaintiff's motion for discovery. Plaintiff's motion for discovery and examination before trial made two years after plaintiff had served a note of issue with a statement of readiness was in violation of 22 NYCRR 660.4 (d) (7), which in general forbids further pretrial examination or other preliminary proceedings after the filing of a statement of readiness unless "unusual and unanticipated conditions subsequently develop". There are no unusual and unanticipated conditions. Plaintiff says that in the course of some discovery proceedings, it has ascertained that defendant's attorney intends to urge claims for so-called "back door" sales. The pleadings today are exactly the same as they were when plaintiff filed its statement of readiness in 1976. If as plaintiff suggests, and Trial Term apparently agrees, that claim was not included in the pleadings, it still is not. The claim is no more and no less included in the pleadings today than it was in 1976. Therefore, the plaintiff's motion for disclosure should not have been granted. Defendant has carefully limited its notice of appeal to the portion of the order granting disclosure and thus excluded the portion of the order striking the case from the calendar. But the premise of defendant's objection to disclosure is the violation of 22 NYCRR 660.4 (d) (7) which only applies when the statement of readiness has been filed. Defendant can hardly ask for relief based on the fact that the statement of readiness has been filed while at the same time insisting that the statement of readiness be stricken. Where disposition of the portion of an order or judgment appealed from is so inextricably intertwined with the portion of the order not appealed from, that it would be unjust to vacate the one without the other, the court has power on vacatur of the portion appealed from to vacate the remaining portion. (Lea v Lea, 59 AD2d 277, 280.) Furthermore the tangled procedural history of this action and the delay in its trial for so long after the parties had been ordered to try the case expeditiously calls for the exercise of this court's supervisory power. Accordingly, we direct that the action be restored to its original calendar position and that the action be tried expeditiously. Of course we do not detract from the power of the Trial Judge to order further discovery incidental to the trial or following an interlocutory judgment, if any. But the action should go to trial. Concur—Sullivan, J. P., Bloom, Lupiano, Silverman and Ross, JJ.