■ Gustav H. Peterson, Respondent, v Helen A. Troy et al., Appellants. — In an action to recover damages for breach of contract, the appeals are from (1) an order of the Supreme Court, Westchester County (Marbach, J.), entered June 9, 1982, which denied with leave to renew, defendants' motion to dismiss the complaint on the ground that the action was barred by *res judicata,* and (2) a judgment of the same court, entered June 16, 1982, which, after a jury trial, awarded plaintiff the sum of $9,240. Appeal from the order dismissed (*Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed. Plaintiff is awarded one bill of costs. Plaintiff entered into a contract with defendants whereby defendants agreed to perform certain landscaping and gardening services for plaintiff which included the planting of 500 new myrtle plants on an area of plaintiff's property called the myrtle "bank" and the cleaning of this area. About two weeks after entering into this contract, plaintiff conveyed the subject property to GHP, Inc., a Florida corporation of which plaintiff was the president and treasurer as well as the sole director and stockholder. Twice in the late summer and early fall of 1975, employees of Troy Garden Nurseries sprayed the myrtle bank in an effort to destroy its weeds. By the spring of 1976, most of the myrtles on the bank were dead. In November, 1976, GHP, Inc., commenced an action against the same defendants as in the instant action. The complaint alleged breach of contract and negligent performance on the part of the defendants, and sought damages in the sum of $19,950.50. A trial in that

action commenced on March 23, 1979 before Justice Dachenhausen. At the close of the corporate plaintiff's case, the trial court dismissed the action for breach of contractual obligations and its cause of action in tort went to the jury. The jury rendered a verdict in favor of the defendants and against GHP, Inc., and a judgment dismissing the complaint "upon the merits" was entered on March 29, 1979. On or about October 2, 1979, plaintiff commenced the instant action against defendants for breach of contract, seeking damages in the sum of $19,950.50. Defendants moved to dismiss the complaint on the ground that the action was barred by the doctrine of *res judicata,* or claim preclusion. In opposition, plaintiff alleged that the contract cause of action in the earlier action was dismissed because the evidence adduced at trial failed to establish the existence of GHP, Inc., at the time the contract was entered into, and thus there was a failure of proof concerning GHP, Inc.'s ownership of the property. Defendants' motion to dismiss was denied with leave to renew upon papers developing more fully the basis for the judgment in favor of the defendants in the earlier action. The court stated that, on the papers submitted, it was unable to determine whether the earlier judgment had collateral estoppel effect. No further submission was made by the defendants. Pursuant to our powers under CPLR 5501 (subd [a], par 1), we now review that nonfinal order upon this appeal from the final judgment (see *Fehlhaber Corp. v State of New York,* 63 AD2d 1038). We conclude that plaintiff adequately rebutted the presumption that the dismissal of its contract cause of action in the earlier action was on the merits (see CPLR 5013). If, as plaintiff has alleged, GHP, Inc.'s contract cause of action was dismissed upon the ground that there was a failure of proof by GHP, Inc., as to its ownership of the subject property at the time the contract was entered into, then there was no determination upon the merits of the contract claim, and such claim could be litigated in a second action. If the trial court found as a matter of law that the corporation was not a proper party to bring the first action, then plaintiff, who is a proper party, should not now be held to be in privity with GHP, Inc., with respect to the contract claim, and thereby bound by the determination against that corporation. This action is based upon contract rather than tort, and it involves different issues from those decided in the previous action. We conclude that the Supreme Court correctly denied defendants' motion to dismiss, as there is reason to believe that the dismissal of the contract cause of action in the first action was not on the merits, and the two actions involve different plaintiffs and different issues (see *Israel v Wood Dolson Co.,* 1 NY2d 116). Finally, we note that since plaintiff did not cross-appeal from the judgment, his contention that prejudgment interest was inadvertently omitted therefrom is not properly before this court (*Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 746; *People v Consolidated Edison Co. of N. Y.,* 34 NY2d 646, 648). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.