■ BARBARA SARNELLI, Respondent, v CARMINE CURZIO, Doing Business as APOLLO CONSTRUCTION COMPANY, Appellant. — In an action to recover damages for breach of a construction contract, defendant appeals from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated January 5, 1983, which awarded plaintiff damages in the principal sum of $9,000, after a jury trial.

Judgment modified, on the law, so as to reduce the damage award to $1. As so modified, judgment affirmed, without costs or disbursements.

Though the evidence submitted by the plaintiff supports the jury's finding that defendant is guilty of a breach of the parties' contract, no proof was submitted by either party that would support the finding of the $9,000 damage award. In addition, the

trial court erred in its jury instruction on the measure of damages to be applied, despite timely and proper objection thereto by defendant and his request for a correct instruction.

The proper measure of damages in a case such as this, where the contractor walked off the job after completing only a portion of the work required by his agreement is the difference between the contract price and the cost of completing the work left undone (*Condello v Stock,* 285 App Div 861, mod on other grounds 1 NY2d 831; *American Std. v Schectman,* 80 AD2d 318, 321, citing *Condello v Stock, supra*). In practical application, however, the rule of damages is more clearly and appropriately stated to be the difference between the amount remaining due and owing under the original agreement and the actual cost of completing the work required by the contract (see *Condello v Stock, supra; Adler v Forham Co.,* 171 NYS 49 [App Term], and the calculations made in each case).

The only proof offered regarding damages which is competent and worthy of consideration came from defendant himself who stated that it would cost him $6,800 to complete the work remaining under the parties' agreement for which he was still owed $9,000; no proof was submitted by the plaintiff to counter defendant's assessment of the cost of completion or, by the standard above enunciated, to show that she indeed suffered any compensable loss. Accordingly, plaintiff must be relegated to receiving nominal damages only (*Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 470). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.