■ AL-EV CONSTRUCTION CORP., Appellant, v AHERN MAINTENANCE & SUPPLY CORP. et al., Respondents.—In an action to

recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered October 2, 1986, which, after a nonjury trial, *inter alia,* is in favor of the defendant Ahern Maintenance & Supply Corp. (hereinafter Ahern) and against it in the sum of $832.32, with interest from March 17, 1986.

Ordered that the judgment is reversed on the law and the facts, with costs, and the plaintiff is awarded the sum of $62,581.09, with interest from March 21, 1984, and the defendant Ahern is awarded the sum of $1; and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

The plaintiff entered into a contract to perform certain construction work on six buildings at an agreed price for the defendant Ahern. The parties agree that the plaintiff had completed the work on four buildings and the trial court found that the plaintiff had completed 45% of the work on the two remaining buildings when the contract was terminated by the defendant Ahern on March 21, 1984. The contract price, adjusted for change orders deleting certain items, was correctly found to be $461,725. Therefore, the contract price per building was $76,954, as the parties now concede, rather than $79,954 as found by the trial court. Since the plaintiff had completed four buildings and had finished 45% each of two buildings, it should have been credited with completing $377,074.60 worth of work, rather than $391,774. It appears that this error was merely mathematical and clerical rather than judicial in nature and therefore it may be corrected by this court even in the absence of a cross appeal (CPLR 5019 [a]; *Herpe v Herpe,* 225 NY 323; *Bohlen v Metropolitan El. Ry. Co.,* 121 NY 546). Taking into consideration this arithmetical error, the plaintiff is entitled to recover on its complaint the sum of $62,581.09 which represents the amount due for work completed but not paid for by the defendant Ahern. We find no merit to the plaintiff's claim that the evidence supported a finding that it had completed more than 45% of each of the two buildings not completed prior to termination. It is noted that the defendant Ahern, who has not cross-appealed from the judgment, does not claim that the plaintiff is not entitled to be paid for the work it had completed prior to its termination. Moreover, the defendant Ahern cannot claim that it paid the plaintiff more than the sum of $335,942.19, as found by the trial court, since it failed to cross-appeal *(see, Davis v Weg,* 104 AD2d 617, 620; *Peterson v Troy,* 96 AD2d 856, 857).

With respect to the defendant Ahern's counterclaims to

recover damages for the cost of completing the work, we initially note that the trial court credited the defendant Ahern with paying one of the plaintiff's suppliers twice, once in computing the amount that the plaintiff had been paid and a second time in computing the amount it cost the defendant Ahern to complete the contracted work. Therefore, the defendant Ahern's cost to complete the project was $59,703.85, rather than $78,112. The defendant Ahern's claims that the trial court erred in reducing its cost to complete the project by the sum of $65,361, representing change orders made after March 21, 1984, and an additional sum representing 20% for overhead and profit, cannot be considered since the defendant did not cross-appeal (see, Davis v Weg, supra; Peterson v Troy, supra).

In any event, in computing the defendant Ahern's damages, the trial court should have taken into consideration the cost the defendant Ahern avoided as a result of not having to complete the contract with the plaintiff (see, Sarnelli v Curzio, 104 AD2d 552, 553; Restatement [Second] of Contracts § 347, illustration 12). Specifically, the plaintiff had been paid $335,942.19. Since the defendant Ahern was able to complete the contracted work with other contractors for $59,703.85, the defendant Ahern saved $3,497.87 rather than lost money as a result of termination. Therefore, the defendant Ahern did not suffer any compensable loss, and it is only entitled to receive nominal damages on its counterclaims (see, Sarnelli v Curzio, supra, at 553; Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461, 470). Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.