■ In the Matter of the Estate of RALPH CAVALLO, Deceased. JEAN CAVALLO et al., Respondents; DAVENPORT NECK CORPORATION, Appellant. [657 NYS2d 897] —Decree, Surrogate's Court, Bronx County (Lee Holzman, S.), entered April 17, 1996, which, to the extent appealed from, after a nonjury trial, directed that respondent-appellant register on its books 21 shares of its capital stock to petitioners within five days of delivery of the necessary documentation, unanimously affirmed, with costs.

The Surrogate's conclusion that, at the time of the subject transfers, there was no valid and consistently applied restriction on transfer (*compare, Glens Falls Ins. Co. v National Bd. of Fire Underwriters Bldg. Corp.*, 63 Misc 2d 989, 990-992, *affd* 36 AD2d 793, *lv denied* 29 NY2d 482) is supported by a fair interpretation of the evidence in the record (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). The Surrogate properly rejected the argument that a later-enacted restriction should

be applied retroactively. We have considered appellant's remaining arguments and find them to be without merit. Petitioners' argument for modification of that part of the decree favorable to appellant is not before us in the absence of a cross appeal (*see, Matter of Blue v Wilkins*, 71 AD2d 935). Concur—Sullivan, J. P., Milonas, Nardelli, Williams and Mazzarelli, JJ.