■ CITNALTA CONSTRUCTION CORP., Appellant, v CARISTO ASSOCIATES ELECTRICAL CONTRACTORS, INC., et al., Respondents.

[664 NYS2d 438] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered January 28, 1997, which, to the extent appealed from, granted plaintiff damages for breach of contract in the amount of $223,454.45, unanimously reversed, on the law and the facts, without costs, and the principal amount of the judgment increased from $223,454.45 to $362,024.72. Appeal from order, same court and Justice, entered December 26, 1996, which, to the extent appealed from, denied plaintiff's CPLR 5019 (a) motion to correct the judgment, unanimously dismissed, without costs, as academic.

This action was brought by a general contractor against an electrical subcontractor for breach of contract and to recover against a surety under a performance, labor and material payment bond. It resulted in the entry of a default judgment against defendants. Prior to entry of the judgment, plaintiff, noting errors in the calculation of damages, moved pursuant to CPLR 5019 (a) to correct the judgment. The Supreme Court denied the motion and plaintiff appealed both the judgment and the order.

It is clear from the record that payments in the amount of $244,106.77 by plaintiff to defendant subcontractor and change orders to the subcontract in the amount of $105,536.50 were omitted by the trial court in its calculation of damages due plaintiff. We correct the principal amount of the judgment accordingly, since the contractor is entitled to recover the fair market cost of completing the work where the subcontractor has defaulted without substantially performing the subcontract (*Tri-Mar Contrs. v Itco Drywall*, 74 AD2d 601), and a "plaintiff is entitled to that compensation which will leave him as well off as he would have been if the contract had been fully performed" (*McKegney v Illinois Sur. Co.*, 180 App Div 507, 509). In this instance that compensation, $362,024.72, is measured by the difference between the actual cost to plaintiff to complete the subcontract—payments totalling $244,106.77 to the defaulting original subcontractor, the $1,043,000 paid to the subcontractor who completed the job, and the $80,454.45 paid to various suppliers and electricians—and the subcontract price, $900,000, plus the price of change orders to the subcontract, $105,536.50.

Plaintiff contends on appeal that we should not factor the cost of the change orders into the damages, since "neither CPLR 5522 nor any other statutory or constitutional authority permits an appellate court to exercise any general discretionary power to grant relief to a nonappealing party" (*Hecht v City of New York*, 60 NY2d 57, 63; *see also, Davis v Weg*, 104

AD2d 617, 620). Here, no party appealed the Supreme Court's omission of the change orders in its determination of the value of the subcontract; inclusion of their value benefits defendant surety.

Although *Hecht* appeared to completely preclude the discretionary grant of relief to nonappealing parties embodied in decisions such as *Lea v Lea* (59 AD2d 277, *lv denied* 43 NY2d 646); *Foley v Roche* (68 AD2d 558); and *Offset Paperback Mfrs. v Banner Press* (71 AD2d 593)* the Court of Appeals in *Cover v Cohen* (61 NY2d 261, 277) held that such preclusion was not its intention:

"plaintiffs argue that our recent decision in *Hecht v City of New York* (60 NY2d 57) forecloses reversal as to Kinney, which did not appeal to this court. We disagree * * *

" 'On rare occasions, the grant of full relief to the appealing party may necessarily entail granting relief to a nonappealing party' " (quoting *Hecht v City of New York, supra,* at 62).

Thus we find the issue appealed, the failure to factor the payments to the original subcontractor into the damages award, to be so inextricably intertwined with the failure to factor the cost of the change orders into that award, that correction of the former error requires correction of the latter.

It should also be noted that, contrary to the position taken before this Court, in Supreme Court, plaintiff implicitly conceded that the cost of the change orders should be included as part of the original subcontractor's completion price. To allow plaintiff the benefit of such calculated inconsistency would be highly inequitable.

Plaintiff's appeal of the Supreme Court's order is academic, since plaintiff has been granted relief upon its appeal of the judgment. Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.

---

* "Where disposition of the portion of an order or judgment appealed from is so inextricably intertwined with the portion of the order not appealed from, that it would be unjust to vacate the one without the other, the court has power on vacatur of the portion appealed from to vacate the remaining portion." (*Offset Paperback Mfrs. v Banner Press,* 71 AD2d 593, 594, *supra.*)