■ HUDSON IRON WORKS, INC., Respondent-Appellant, v BEYS SPECIALTY CONTRACTING, INC., et al., Appellants-Respondents. [691 NYS2d 132] —In an action, inter alia, to recover damages for

breach of contract, the defendants, Beys Specialty Contracting, Inc., and Reliance Insurance Company of New York, appeal from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), entered December 3, 1997, as, after a nonjury trial, is in favor of the plaintiff, Hudson Iron Works, Inc., and against them in the principal sum of $63,350, and, in effect, dismissed the first counterclaim asserted by Beys Specialty Contracting, Inc., to recover damages for breach of contract, and the plaintiff cross-appeals from so much of the judgment as failed to award it attorney's fees.

Ordered that the appeal by Reliance Insurance Company of New York from so much of the judgment as, in effect, dismissed the counterclaim by Beys Specialty Contracting, Inc., is dismissed, as that defendant is not aggrieved by that part of the judgment; and it is further,

Ordered that the judgment is reversed insofar as appealed from and reviewed, on the law and the facts, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in favor of the defendant Beys Specialty Contracting, Inc., and against the plaintiff in the principal sum of $25,083, with interest; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

In December 1992, the defendant Beys Specialty Contracting, Inc. (hereinafter Beys) entered into a contract with the Metropolitan Transportation Authority (hereinafter the MTA) to perform certain construction work. On March 25, 1993, Beys entered into a $175,000 subcontract with the plaintiff, Hudson Iron Works, Inc. (hereinafter Hudson), which required Beys to pay Hudson within seven days after Beys received payment from the MTA for work performed by Hudson. Beys submitted to the MTA invoices dated May 20, 1993, and June 21, 1993, which were accompanied by receipts, seeking payment, *inter alia*, for "mobilization" expenses incurred by Beys. The first invoice Hudson submitted to Beys was dated September 10, 1993. Hudson claimed it was entitled to payment because the May 20, 1993, and June 21, 1993, invoices incorporated its work and the MTA had thus paid Beys for work performed by Hudson. After a nonjury trial, the Supreme Court awarded judgment to Hudson and dismissed the counterclaim of Beys to recover the additional money it spent to complete the job after Hudson stopped working.

It is undisputed that Hudson's first invoice was not submitted for payment until September 10, 1993. Moreover, Hudson

did not provide any documentation supporting its claim that Beys was previously paid for its work. Therefore, Hudson's claim is contrary to the express terms of the contract and the subcontract, both of which required that invoices be submitted with proof that the expense was incurred. In addition, since it was also undisputed that none of Hudson's work had been approved by the MTA when Beys submitted the invoices dated May 20, 1993, and June 21, 1993, Hudson was not entitled to payment because both the contract and the subcontract conditioned payment upon a determination by the MTA that Hudson's work was satisfactory and that the MTA's determination would be final. Moreover, the MTA's project engineer testified that he only approved claims for payment which were supported by documents evidencing that the expense had been incurred, and that the MTA did not pay for unapproved shop drawings. Therefore, testimony by Beys' former project manager that he considered Hudson's work to be satisfactory was not dispositive.

The proper interpretation of contract language may be determined as a matter of law and the court should interpret the contract so as to give effect to every provision (*see, Gonzalez v Norrito,* 256 AD2d 440). Based upon, *inter alia,* the date upon which Hudson submitted its first invoice, i.e., September 10, 1993, and the status of Hudson's work when Beys submitted its invoices, it is clear that Beys did not breach the subcontract by refusing to comply with Hudson's demand for payment. Therefore, the plaintiff is not entitled to recover damages against the defendants.

Because Hudson stopped performing under the subcontract after its demand for payment was rejected, and documentary evidence adduced at trial evidenced that Beys contracted to pay and paid $60,000 to one subcontractor and $145,083 to another subcontractor, both of whom were hired to perform the work required by Hudson's subcontract, less an additional $5,000 which was paid for a subsequent design change, Beys paid $25,083 more to complete the job than if Hudson had completed its subcontract. As a result, Beys is entitled to a judgment on its first counterclaim against Hudson in the sum of $25,083 (*see, Kaufman v Le Curt Constr. Corp.,* 196 AD2d 577; *Al-Ev Constr. Corp. v Ahern Maintenance & Supply Corp.,* 141 AD2d 591; *Sarnelli v Curzio,* 104 AD2d 552).

In light of this determination, the parties' remaining contentions are academic. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.