■ JOSIF TAPALAGA et al., Respondents, v FRANK GABRIELLI, Appellant. [727 NYS2d 628] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (LaFauci, J.H.O.), entered January 29, 1999, as, after a nonjury trial, upon finding the defendant liable for breach of contract, is in favor of the plaintiffs and against him in the principal sum of $195,000, and dismissed his counterclaims. By decision and order dated September 11, 2000 [275 AD2d 708], this Court remitted the matter to the Supreme Court, Nassau County, to set forth a more detailed explanation as to the method used in reaching the damages award, and the appeal was held in abeyance in the interim. The report of the Supreme Court has been filed.

Ordered that the judgment is modified by deleting the provision thereof awarding the plaintiffs the principal sum of $195,000 and substituting therefor a provision awarding the plaintiffs no damages; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The evidence submitted at the trial supports the finding of the Judicial Hearing Officer that the defendant wrongfully repudiated the contract providing that he construct a home for the plaintiffs and that the plaintiffs therefore are entitled to recover damages for breach of contract (*see, DeLorenzo v Bac Agency,* 256 AD2d 906). However, the measure of damages in this case is the difference between the contract price and the cost of completing the work (*see, Mazzariello v Davin,* 252 AD2d 884; *Sherman v Hanu,* 195 AD2d 810; *Sarnelli v Curzio,* 104 AD2d 552). Contrary to the Judicial Hearing Officer's finding, the proof considered by him did not demonstrate that the plaintiffs suffered any compensable loss (*see, Sarnelli v Curzio, supra*).

The defendant's remaining contentions are without merit. Krausman, J. P., Florio, Luciano and Feuerstein, JJ., concur.