REMODELING CONSTRUCTION SERVICES, Respondent, v MICHAEL MINTER, Appellant. [913 NYS2d 446]—

Appeal from an order of the Supreme Court, Erie County (Paula M. Feroleto, J.), entered November 25, 2009 in a breach of contract action. The order denied defendant's motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the amended complaint and dismissing the amended complaint, and by granting that part of the motion for summary judgment on liability with respect to the first counterclaim and as modified the order is affirmed without costs.

Memorandum: Defendant appeals from an order denying his motion for summary judgment dismissing the amended complaint and for summary judgment on his counterclaims in this action for breach of a construction contract. The parties entered into a written contract whereby plaintiff agreed to rebuild a house owned by defendant that had been destroyed by

fire. The total contract price was $96,000, payable in draws pursuant to a payment schedule. Approximately 13 months after the contract was signed, the project was not completed, and plaintiff's principals refused to perform any further work unless defendant paid them an additional draw of $10,571.34. At that time, defendant had paid plaintiff more than $70,000. Defendant paid plaintiff only an additional $5,550, and plaintiff's principals refused to complete the project, prompting defendant to terminate the contract. Plaintiff thereafter filed a mechanic's lien on the property and commenced this breach of contract action. In his answer, defendant asserted counterclaims for, inter alia, breach of contract and willful exaggeration of the mechanic's lien pursuant to Lien Law § 39-a.

We conclude that Supreme Court erred in denying those parts of defendant's motion for summary judgment dismissing the amended complaint and for summary judgment on liability with respect to the first counterclaim, for plaintiff's breach of contract, and we therefore modify the order accordingly. In support of his motion, defendant submitted evidence, including photographs, establishing that plaintiff had not yet installed the drywall inside the house at the time it refused to perform any more work unless it was paid additional funds. According to the draw schedule as modified by plaintiff, the drywall installation was a prerequisite to payment of the fifth draw. Thus, plaintiff was entitled to payment of only the first four draws, which total $62,400. It is undisputed that plaintiff had been paid $77,435 when its principals refused to perform any more work. We therefore conclude that defendant established his entitlement to judgment as a matter of law inasmuch as plaintiff breached the contract by refusing to perform its work pursuant to the contract after its wrongful demand for payment was rejected by defendant (*see generally Hudson Iron Works v Beys Specialty Contr.*, 262 AD2d 360, 361-362, [1999] *lv denied* 94 NY2d 754 [1999]; *Sarnelli v Curzio*, 104 AD2d 552, 553, *appeal dismissed* 64 NY2d 756 [1984]).

In opposition to the motion, plaintiff failed to submit any admissible evidence and thus failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff's only submission was an unsworn letter written by one of plaintiff's principals, generally denying that plaintiff had breached the contract. "An unsworn statement is not competent evidence capable of raising a triable issue of fact" (*Municipal Testing Lab., Inc. v Brom*, 38 AD3d 862 [2007], *appeal dismissed and lv dismissed* 8 NY3d 1004 [2007]; *see J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc.*, 64

AD3d 1206, 1207 [2009]). In any event, that letter does not address the issue of drywall installation, nor does it specify which tasks plaintiff performed pursuant to the contract that would entitle it to payment of more than $77,435. We note that, during oral argument on the motion, the court placed plaintiff's principals under oath and allowed them to respond orally to the motion, but nothing said by either principal at that time raised a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman*, 49 NY2d at 562). Although the court stated in its bench decision that, in denying the motion, it considered the amended complaint inasmuch as it was verified, the allegations therein are general in nature and do not dispute the specific allegations made by defendant in support of his motion (*see e.g. Kowalski v Knox*, 293 AD2d 892 [2002]; *Zagorodynuk v Price Costco Wholesale Corp.*, 256 AD2d 574 [1998]). Finally, plaintiff's contention that the dispute is subject to arbitration is raised for the first time on appeal and thus is not preserved for our review (*see Matter of City of Buffalo v Buffalo Police Benevolent Assn.*, 280 AD2d 895 [2001]).

We further conclude, however, that the court properly denied that part of the motion with respect to damages under the first counterclaim. Defendant's own submissions raise a triable issue of fact whether the costs defendant incurred to complete the construction were reasonable (*cf. Hudson Iron Works*, 262 AD2d at 362; *see generally American Std. v Schectman*, 80 AD2d 318, 321 [1981], *lv denied* 54 NY2d 604 [1981]). Finally, the court properly denied those parts of the motion for summary judgment on the second and third counterclaims pursuant to Lien Law § 39-a inasmuch as defendant failed to establish its entitlement to judgment as a matter of law with respect thereto (*see generally Zuckerman*, 49 NY2d at 562). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.