■ DAVID STAVISKI, Doing Business as CHEMUNG VALLEY ACOUSTICAL AND PARTITION, Respondent, v CHRISTA CONSTRUCTION, INC., Appellant, et al., Defendants. [921 NYS2d 373]—

Stein, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered December 8, 2009 in Chemung County, which, among other things, granted plaintiff's motion for partial summary judgment.

Defendant Christa Construction, Inc. (hereinafter defendant) entered into a subcontract with plaintiff to perform, among other things, drywall installation. The subcontract provided for a form of alternative dispute resolution (hereinafter ADR). Pursuant to the express terms of the agreement, in the event that the parties are unable to resolve their differences concerning a determination by defendant's representative, plaintiff would be entitled to "initiate a dispute" in accordance with the prescribed procedure. Exhaustion of such procedures is a precondition to the commencement of any legal action. The subcontract further specifies that defendant's representative, acting personally, will decide all conflicts between the parties in relation to the subcontract and that "his [or her] decision shall be conclusive, final and binding on the parties."[1] However, pursuant to a section of the subcontract entitled "Appeal," plaintiff is permitted to commence a legal action in the event that he protests the determination of defendant's representative, with judicial review being limited to whether the "determination is arbitrary, capricious or grossly erroneous to evidence bad faith."

While plaintiff was performing services in accordance with the subcontract, he notified defendant that it was necessary to replace a significant quantity of finished drywall because water was flowing into one of the buildings in which he was working. Plaintiff also notified defendant that other installed drywall was damaged and in need of replacement because it was installed in areas where the roof was not yet in place. In turn, defendant's project manager, Brian Grinter, notified plaintiff on several occasions that plaintiff was improperly storing and inadequately protecting his construction materials. Subsequently, there was an outbreak of mold and bacteria at the project site and defendant notified plaintiff of his potential liability for this condition. The parties thereafter entered into a separate subcontract (here-

---

**1.** Although plaintiff argues that this provision renders the ADR process a "sham," we have previously reviewed this ADR clause and found it to be enforceable (*see Ferguson Elec. Co. v Kendal at Ithaca*, 274 AD2d 890, 892 [2000]).

inafter remediation subcontract) in which plaintiff agreed to assist in remediating the resulting damage.

During the course of plaintiff's work, he submitted invoices for his services. In February 2002, Grinter notified plaintiff that his request for payment in the amount of $296,280 alleged to be due and owing was denied based on defendant's determination that he was 30% responsible for the outbreak of mold due to his improper storage of materials. Consequently, Grinter advised plaintiff that he owed defendant the net sum of $226,083 on the initial subcontract. Plaintiff then commenced this action alleging, among other things, breach of the original subcontract and the remediation subcontract due to defendant's failure to fully compensate him in the amount of $231,958.34 and $184,494.44, respectively. In its answer, defendant asserted various affirmative defenses, including plaintiff's failure to adhere to the ADR provisions of the original subcontract, and set forth several counterclaims alleging, among other things, that plaintiff negligently performed his work and breached his obligations under both subcontracts.

Plaintiff moved for partial summary judgment on his causes of action for breach of contract and quantum meruit relating to the remediation subcontract. Defendant cross-moved for summary judgment seeking dismissal of those claims and for judgment on its counterclaims in the amount of $226,083.[2] Supreme Court partially granted plaintiff's motion for summary judgment insofar as it related to the causes of action pertaining to the remediation subcontract. Supreme Court also denied defendant's cross motion, finding, among other things, that the commencement of this action constituted an appeal under the ADR provisions of the original subcontract, and plaintiff had raised a question of fact as to whether Grinter's February 2002 determination was arbitrary, capricious or erroneous. Defendant now appeals.

Defendant contends that it was error to treat plaintiff's action as an "appeal" from Grinter's determination and to deny its cross motion for summary judgment as to its counterclaims on this basis. We disagree. The ADR provisions clearly permit the commencement of a legal action, albeit with judicial review limited to whether Grinter's determination was "arbitrary, capricious or grossly erroneous to evidence bad faith."[3] While defendant argues that plaintiff's failure to reference the deter-

---

**2.** In the alternative, defendant sought a setoff in that amount in the event that Supreme Court granted plaintiff's motion.

**3.** We are not persuaded by plaintiff's argument in opposition to defendant's cross motion that the determination was not final and binding because it

mination in the complaint and to specifically request review thereof in accordance with the precise terms of the ADR provision precludes his recovery herein, we find those terms to be ambiguous as to the nature of the action that plaintiff was entitled to commence. Such ambiguity must be construed against defendant, as the drafter of the subcontract (*see Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 341 [1998]; *Maines Paper & Food Serv., Inc. v Boulevard Burgers Corp.*, 52 AD3d 1150, 1152 [2008]). Thus, we conclude that the absence of a specific reference in the complaint to Grinter's determination is not fatal to this action seeking damages and that this action constitutes an appeal of such determination, with judicial review of plaintiff's claim regarding breach of the initial subcontract being limited to ascertaining whether the determination was arbitrary, capricious or grossly erroneous, as set forth in paragraph 11.3 of the subcontract.

Supreme Court also properly found that questions of fact precluded an award of summary judgment to defendant on this issue. In this regard, plaintiff asserts that Grinter's determination fails to articulate the basis for attributing to him 30% of the responsibility for the damages resulting from the mold outbreak. Plaintiff specifically points to his notice to defendant of the flow of water into the buildings under construction to support his contention. Viewing the evidence in the light most favorable to plaintiff as the nonmovant (*see Hickey v Arnot-Ogden Med. Ctr.*, 79 AD3d 1400, 1401 [2010]; *Horth v Mansur*, 243 AD2d 1041, 1042 [1997]), we find no error in Supreme Court's conclusion that plaintiff raised a question of fact as to whether Grinter's determination was arbitrary, capricious or grossly erroneous.

We are also unpersuaded by defendant's contention that Supreme Court erred in denying its cross motion seeking dismissal of plaintiff's cause of action for breach of the remediation subcontract. Defendant did not controvert plaintiff's evidence demonstrating that he performed as required under that subcontract and defendant failed to pay for his services as

---

referred to "Christa's determination" rather than "Grinter's determination." The determination, itself, clearly identifies Grinter as defendant's representative and specifically refers to paragraph 11.2 of the subcontract—the ADR provision. On the other hand, defendant arguably failed to comply with the ADR procedure set forth in the subcontract insofar as it purported to render a determination before responding to plaintiff's claim for payment—thus depriving plaintiff of the opportunity to "initiate a dispute" in the first instance. Nevertheless, in light of Grinter's determination, remitting the matter for formal compliance with the ADR provisions would be an exercise in futility.

agreed. Instead, defendant relied on plaintiff's alleged failure to comply with the ADR procedures and raised the theory of setoff. However, it is undisputed that the remediation subcontract is a separate and independent subcontract from the initial subcontract and did not contain an ADR clause. Thus, Supreme Court properly granted plaintiff's motion and denied defendant's cross motion with respect to plaintiff's cause of action for breach of the remediation subcontract.[4]

However, we reach a different conclusion with respect to plaintiff's quantum meruit cause of action. As plaintiff concedes, recovery on that theory is precluded by his recovery for breach of contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Singer Asset Fin. Co., LLC v Melvin*, 33 AD3d 355, 358 [2006]). Accordingly, the cause of action sounding in quantum meruit should have been dismissed.

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion of defendant Christa Construction, Inc. for summary judgment dismissing the fourth cause of action sounding in quantum meruit and granted plaintiff's motion for partial summary judgment on said cause of action; said defendant's cross motion granted to that extent, said cause of action dismissed and plaintiff's motion denied to that extent; and, as so modified, affirmed.

---

4. In addition, we concur with Supreme Court's determination that it is premature to apply a setoff of plaintiff's damages against any amounts that may be due to defendant from plaintiff with respect to the first subcontract, as there has not yet been a final and binding determination of such amounts.