Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 8, 2012, after a nonjury trial, awarding defendants damages, and bringing up for review an order, same court and Justice, entered August 25, 2011, which, insofar as appealed from as limited by the briefs, granted judgment in defendants’ favor on their counterclaim, and an order, same court and Justice, entered October 2, 2012, which found that defendants were entitled to $570,935 for overpayment damages and $1,165,263 for cost-to-complete work damages, for a total sum of $1,736,198 plus interest, costs and disbursements, unanimously modified, on the facts, to vacate the award of $570,935 for overpayment damages, and otherwise affirmed, without costs.
Defendants are entitled to cost-to-complete damages because plaintiff materially breached and abandoned the subcontract, and waived any right to notice of termination or an opportunity to cure. The subcontract explicitly provides that time is of the essence, that plaintiff’s delay or failure to meet scheduling requirements warrants termination, and that plaintiff must perform work even if the parties dispute that work’s characterization, yet plaintiff repeatedly failed to timely perform and complete work, despite defendant E-J Electric Installation Co.’s repeated demands (see Engels v French, 274 AD2d 544 [2d Dept 2000]). Among other material breaches, plaintiff repudiated the subcontract by abandoning the work site when only 73.49% of plaintiffs work was complete (see Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d 458, 462-463 [1998]; General Supply & Constr. Co. v Goelet, 241 NY 28, 34 [1925]; Plato Gen. Constr. Corp./EMCO Tech Constr. Corp., JV, LLC v Dormitory Auth. of State of N.Y., 89 AD3d 819, 824 [2d Dept 2011], lv *411 denied 19 NY3d 803 [2012]; Remodeling Constr. Servs. v Minter, 78 AD3d 1677, 1678 [4th Dept 2010]). Accordingly, plaintiff waived any right to notice of termination (see J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444, 446 [2d Dept 2005]; Special Situations Fund III v Versus Tech., 227 AD2d 321 [1st Dept 1996], lv denied 88 NY2d 815 [1996]; Sunshine Steak, Salad & Seafood v W.I.M. Realty, 135 AD2d 891, 892-893 [3d Dept 1987]).
It is well-settled that if a subcontractor breaches before completing performance, the contractor is entitled to recover reliance, or cost-to-complete damages from the subcontractor (see New Era Homes Corp. v Forster, 299 NY 303, 306 [1949]; Hydraulitall, Inc. v Jones Inlet Mar., Inc., 71 AB3d 1087, 1089 [2d Dept 2010]; Feldin v Doty, 45 AD3d 1225, 1226 [3d Dept 2007]; F. Garofalo Elec. Co. v New York Univ., 300 AD2d 186, 189-190 [1st Dept 2002]; Citnalta Constr. Corp. v Caristo Assoc. Elec. Contrs., 244 AD2d 252, 253 [1st Dept 1997]). Supreme Court correctly found that defendants were entitled to recover cost-to-complete damages from plaintiff, but, as defendants concede, awarding them overpayment damages as well constituted an impermissible, and unsolicited, double recovery.
We have considered the parties’ remaining contentions and find them unavailing. Concur — Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ.