# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 22, 2015                518879
_____

DAVID STAVISKI, Doing Business
    as CHEMUNG VALLEY
    ACOUSTICAL AND PARTITION,
                    Respondent,
        v                                   MEMORANDUM AND ORDER

CHRISTA CONSTRUCTION, INC.,
                    Appellant,
                    et al.,
                    Defendants.
_____


Calendar Date:  November 17, 2014

Before:  Peters, P.J., Rose, Egan Jr. and Lynch, JJ.


_____


        Ernstrom & Dreste, LLP, Rochester (Thomas K. O'Gara of
counsel), for appellant.

        Schlather Stumbar Parks & Salk, LLP, Ithaca (Jeffrey D.
Walker of counsel), for respondent.


_____


Lynch, J.

        Appeal from an order of the Supreme Court (O'Shea, J.),
entered June 25, 2013 in Chemung County, which, among other
things, denied a cross motion by defendant Christa Construction,
Inc. for summary judgment on its counterclaim.

        As set forth in our prior decision (83 AD3d 1235 [2011]),
plaintiff commenced this action to recover damages for breach of
two separate contracts with defendant Christa Construction, Inc.
(hereinafter defendant), the general contractor on a project to
construct an assisted living facility.  Plaintiff and defendant

executed a subcontract wherein plaintiff agreed to install drywall. During construction, mold was discovered at the facility and plaintiff and defendant executed a second contract wherein plaintiff agreed to perform certain remediation work. We affirmed Supreme Court's order finding that plaintiff was entitled to partial summary judgment in its favor on the remediation contract and that questions of fact precluded an award of summary judgment in defendant's favor on the subcontract (83 AD3d at 1238-1239). Thereafter, plaintiff moved and defendant cross-moved for summary judgment on the subcontract. Supreme Court denied the motions, finding that there were questions of fact precluding summary judgment in favor of either party. Defendant appeals and we affirm.

The subcontract includes an alternative dispute resolution (hereinafter ADR) provision wherein the parties agreed that the "[c]ontractor's [r]epresentative, acting personally, [could] decide all questions of any nature whatsoever arising out of, under, or in connection with, or in any way related to or on account of, [the subcontract] and his decision shall be conclusive final and binding on the parties." Pursuant to the ADR procedure, the subcontractor who disagreed with the representative's "final and binding" decision could "commence a lawsuit in a [c]ourt of competent jurisdiction of the State of New York . . . under the procedures and laws applicable in that court, it being understood the review of the [c]ourt shall be limited to the question of whether or not the [c]ontractor's [r]epresentative's determination is arbitrary, capricious or grossly erroneous to evidence bad faith." Pursuant to the express terms of the subcontract, the contractor's representative was Brian Grinter, the project manager. Here, after plaintiff claimed that it was due certain payments on the subcontract, Grinter issued a determination in February 2002 rejecting plaintiff's claim. More specifically, Grinter determined that plaintiff "repeatedly failed to protect [its] materials from the elements, allowed drywall and other materials to become saturated with water and contributed to the growth of mold throughout the . . . project," and that plaintiff was "30% responsible for the outbreak of mold." As a result, Grinter offset the unpaid balance due plaintiff under the subcontract by 30% of the total damages that defendant incurred to remediate the mold, and

assessed damages against plaintiff in the amount of $226,083.

Defendant has no quarrel with Supreme Court's finding that plaintiff's submissions sufficiently established a question of fact as to whether Grinter's determination was arbitrary and capricious. Rather, defendant claims that the ADR provision allows only limited review, such that by identifying questions of fact the court was required to find that the determination had a factual basis and was therefore not arbitrary and capricious as a matter of law. We do not agree. We have already determined that this action constitutes an appeal of Grinter's determination under the ADR provisions of the original subcontract, and that questions of fact have been raised as to whether Grinter's determination was arbitrary, capricious or grossly erroneous. Each side has since moved for summary judgment supporting their respective positions through affidavits of the participants, including Grinter. These affidavits do nothing more than sustain our prior determination that questions of fact exist as to the basis of the ADR determination. It does not follow, as defendant maintains, that by finding questions of fact, Supreme Court was required, as a matter of law, to conclude that the ADR determination was not arbitrary, capricious or grossly erroneous.

The ADR provision here mirrors that found in Westinghouse Elec. Corp. v New York City Tr. Auth. (82 NY2d 47 [1993]) calling for broader judicial review similar to that under CPLR article 78, and not the stricter standards of arbitration review under CPLR article 75 (id. at 54-55; compare Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341, 344 [1985]). The Westinghouse provision differs from the one at issue in this case, however. Each contract utilizes the identical standard of "arbitrary, capricious or grossly erroneous to evidence bad faith" (emphasis added), but only the Westinghouse contract expressly authorizes a challenge under the procedures set forth in CPLR article 78 (Westinghouse Elec. Corp. v New York City Tr. Auth., 82 NY2d at 51). Notably, the underscored phrase is not included in CPLR 7803 (3), which authorizes a proceeding to challenge a determination as "arbitrary and capricious or an abuse of discretion." At the very least, the "grossly erroneous to evidence bad faith" standard is applicable to plaintiff's contention that defendant unduly interfered in Grinter's

determination that plaintiff was 30% at fault for the mold damage.  Since the contract embraces a claim of bad faith, it would be incongruous to conclude that Grinter's determination on this issue is entitled to the deference generally accorded to a discretionary determination made by an administrative agency.  In our view, Supreme Court did not err when it determined that there were questions of fact with regard to Grinter's determination.

Peters, P.J., Rose and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court