Nenni Equip. Corp. v Massa Constr., Inc. (2019 NY Slip Op 08681)





Nenni Equip. Corp. v Massa Constr., Inc.


2019 NY Slip Op 08681


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-13303
 (Index No. 1720/12)

[*1]Nenni Equipment Corp., respondent, 
v
Massa Construction, Inc., appellant, et al., defendant.


Sheats & Bailey, PLLC, Brewerton, NY (Jason B. Bailey of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Massa Construction, Inc., appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated November 9, 2016. The order denied the motion of the defendant Massa Construction, Inc., for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant Massa Construction, Inc. (hereinafter the defendant), was the general contractor for the construction of a firing range at Fishkill Correctional Facility, a public works construction project (hereinafter the project) for the New York State Office of General Services (hereinafter OGS). The defendant entered into a subcontract with the plaintiff for earthwork on the project.
The plaintiff submitted three payment requests to the defendant, which the defendant paid after OGS approved the requests and paid the defendant. The plaintiff submitted a fourth request for payment on February 13, 2012, and it is undisputed that the defendant never paid the plaintiff for this request. The defendant alleged that it withheld payment to the plaintiff because the plaintiff failed to pay its suppliers and did not provide the defendant with requested documentation, as required by the subcontract. Additionally, the defendant contended that the plaintiff ignored directives and failed to supply adequate manpower, that the defendant was forced to supplement the plaintiff's workforce, and that the plaintiff abandoned the project on April 2, 2012, with substantial work still to be completed.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendant counterclaimed to recover damages for breach of contract. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim. The Supreme Court denied the defendant's motion, and the defendant appeals.
Although we agree with the defendant that it established, prima facie, its entitlement to judgment as a matter of law (see Remodeling Constr. Servs. v Minter, 78 AD3d 1677, 1678), the plaintiff raised triable issues of fact in opposition to the defendant's motion (see Rush v Swimming Pools by Jack Anthony, Inc., 98 AD3d 728, 730). Specifically, the evidence submitted by the plaintiff raised triable issues of fact regarding who was at fault for delays in the project, whether the [*2]plaintiff failed to follow the defendant's directions, whether it was actually necessary for the defendant to supplement the plaintiff's work, and whether the defendant was justified in withholding payment from the plaintiff (see Buck Constr. & Dev., Inc. v Hetzel, 165 AD3d 875, 876; Staviski v Christa Constr., Inc., 83 AD3d 1235, 1238). Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim.
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court