Matter of A.P. (M.P.) (2020 NY Slip Op 03074)





Matter of A.P. (M.P.)


2020 NY Slip Op 03074


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11568 -17/13 -27670/13

[*1]In re A.P., and Others, Children Under Eighteen Years of Age, etc., et al. M.P., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


The Bronx Defenders, Bronx (Saul Zipkin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child B.P.



Order of disposition, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about January 16, 2019, to the extent it brings up for review a fact-finding order of the same court (Karen I. Lupuloff, J.), entered on or about May 24, 2016, which, after a hearing, determined that respondent sexually abused the child B.P. and derivatively abused the children A.P. and M.P., unanimously affirmed, without costs.
Although respondent failed to file a timely notice of appeal from a prior order of disposition with respect to B.P., it is undisputed that he timely appealed from the order of disposition regarding A.P. and M.P., which brings up for review the fact-finding determination as to all three children. Since the issues of whether respondent derivatively abused A.P. and M.P. and whether he sexually abused B.P. are "inextricably intertwined," we will review the fact-finding determination as to B.P. (see Citnalta Constr. Corp. v Caristo Assoc. Elec. Contrs., 244 AD2d 252, 254 [1st Dept 1997]).
The court correctly determined that petitioner agency's progress notes on a prior unfounded case against respondent with respect to another child, B.P.'s 18-year-old half-sister, were not admissible (see Social Services Law § 422[5][b]). In any event, respondent's counsel extensively cross-examined this witness about her allegations that respondent had sexually abused her when she was a child.
A preponderance of the evidence supports the court's determination that respondent sexually abused B.P. (see Family Court Act §§ 1012[e][iii]; 1046[b][i]). Family Court Act § 1046(a)(vi) provides that a child's out-of-court statement is admissible in an Article 10 proceeding to establish abuse or neglect, provided that it is corroborated by "any other evidence tending to support the reliability" of the child's out-of-court statement. Family Court has broad discretion to determine whether "proffered corroborative testimony actually tend[s] to support the reliability of the previous statements,'" (Matter of Christina F., 74 NY2d 532, 535-36 [1989]), Here, Family Court properly determined that the testimony of appellant and his girlfriend corroborated the child's out-of-court statements because they established that she had regular overnight visits with appellant. In addition, Family Court found that the testimony of the child's older half-sister about respondent's sexual abuse of her in a similar manner several years earlier was credible and further corroborated B.P.'s out-of-court statements (see Matter of Sha-Naya M.S.C. [Derrick C.], 130 AD3d 719, 721 [2d Dept 2015]). Moreover, while the half-sister's testimony did not require corroboration, Family Court found that it was corroborated by [*2]the testimony of respondent's witness, his own uncle. We see no reason to disturb the court's credibility determinations (see Matter of Christina G. [Vladimir G.], 100 AD3d 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK