Matter of Lopresti v David (2022 NY Slip Op 00864)





Matter of Lopresti v David


2022 NY Slip Op 00864


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2020-08437
 (Docket No. F-3608-19)

[*1]In the Matter of Philip Lopresti, respondent,
v
Julia David, appellant.


Tamara M. Harris, New York, NY, for appellant.
Jason M. Barbara & Associates, P.C., New Hyde Park, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated October 22, 2020. The order, insofar as appealed from, granted the father's objection to so much of an order of the same court (Tomasina C. Mastroianni, S.M.) dated August 21, 2020, as vacated that portion of an order of support of the same court (Tomasina C. Mastroianni, S.M.) dated May 28, 2019, directing the mother to pay the father retroactive child support arrears in the sum of $11,000.
ORDERED that the order dated October 22, 2020 is affirmed insofar as appealed from, with costs.
The mother and the father were divorced in 2015 and have one child, born in 2008. Pursuant to a stipulation of custody and visitation dated May 24, 2013 (hereinafter the 2013 stipulation), incorporated but not merged into the parties' judgment of divorce, the parties agreed to joint legal custody of the child, with the mother having primary physical custody. In 2018, the mother moved to modify the 2013 stipulation so as to allow her to temporarily relocate with the child from Queens, New York, to New Orleans, Louisiana, for a period of two years, while she completed a fellowship program at Tulane University School of Medicine. Since the mother's fellowship commenced prior to the hearing on the petition, she was constrained to move to Louisiana without the child, and the child stayed with the father in New York. The father cross-petitioned to modify the 2013 stipulation so as to award him physical custody of the child. Although the father ultimately withdrew his cross petition for physical custody, after a hearing, the Family Court, Queens County, by order dated July 24, 2018 (hereinafter the 2018 custody order), in effect, denied the mother's petition and awarded physical custody of the child to the father. On appeal, by decision and order dated October 2, 2019, this Court, inter alia, reversed the 2018 custody order, reinstated the mother's petition, and remitted the matter to the Family Court, Queens County, for a new hearing on the mother's petition (see Matter of David v LoPresti, 176 AD3d 701). Pending the new hearing and determination of the mother's petition, this Court directed that the father would have temporary physical custody of the child, unless the mother relocated to New York prior to the new hearing and determination of her petition, in which case the 2013 stipulation would govern with respect to custody (see id. at 702). The child continued to reside with the father until December 2019, when the parties agreed to allow the child to temporarily relocate to Louisiana until the mother completed [*2]her fellowship program.
During the pendency of the custody proceeding, in August 2018, the father petitioned in the Family Court, Queens County, for child support from the mother. In April 2019, the Family Court, Queens County, transferred the matter to the Family Court, Nassau County, since the father resided in Nassau County. At a proceeding on May 28, 2019, the parties agreed to resolve the father's petition by, inter alia, setting the mother's child support arrears at $11,000. As memorialized in an order of support dated May 28, 2019 (hereinafter the 2019 support order), the mother agreed to pay the father child support arrears in the sum of $5,000 by December 1, 2019, and in the sum of $6,000 by July 1, 2020.
However, just one day after the mother was to have paid the father the first installment of child support arrears in the sum of $5,000, the mother moved in the Family Court, Nassau County, to stay enforcement of and to vacate the 2019 support order. The mother asserted that vacatur was appropriate because this Court, in October 2019, had reversed the underlying 2018 custody order of the Family Court, Queens County. The mother also claimed that vacatur was warranted because the Support Magistrate had coerced the mother at the proceeding on May 28, 2019, to enter into the settlement agreement with respect to the father's petition for child support, by threatening to otherwise enforce the disqualification of the mother's counsel, who had been disqualified from representing the mother by an order of the Family Court, Queens County, dated April 15, 2019. We note that, in January 2020, one month after the mother's motion, this Court, on the mother's appeal from the April 15, 2019 order, reversed the order insofar as reviewed, and denied that branch of the father's petition which was to disqualify the mother's attorney (see Matter of Lopresti v David, 179 AD3d 1067).
On December 17, 2019, the Family Court, Nassau County, stayed enforcement of the 2019 support order; it continued the stay in an order dated January 31, 2020. The father cross-moved to dismiss the mother's motion or to deny the mother the relief she sought, and for reasonable expenses, costs, and attorney's fees. In an order dated August 21, 2020, the Support Magistrate rejected the mother's claim that the court had coerced the mother to enter into the settlement by which the mother agreed, inter alia, to pay the father the sum of $11,000 in child support arrears. However, the Support Magistrate determined that this Court's reversal of the 2018 custody order constituted the law of the case, and vitiated any claim by the father for child support for the time he had physical custody of the child pursuant to the 2018 custody order. Consequently, the Support Magistrate granted the mother's motion to vacate the award to the father of $11,000 in retroactive child support arrears. Thereafter, the father filed written objections, arguing that he was entitled to receive child support from the mother for the time during which the child resided with him, and that he should have been awarded, inter alia, attorney's fees. The Family Court granted the father's objections to the Support Magistrate's August 21, 2020 order to the extent of reinstating the portion of the 2019 support order which directed the mother to pay the father retroactive child support arrears in the sum of $11,000. The court denied the father's objection with respect to the denial of his request for an award of reasonable expenses, costs, and attorney's fees. The mother appeals.
Despite the mother's contentions to the contrary, the record does not support her claim that the Support Magistrate coerced her into entering into a settlement agreement with the father with respect to, inter alia, child support arrears for the time period that the child resided with the father, retroactive from August 2018, when the father moved for child support, to May 2019, when the parties entered into the child support agreement. It is clear from the record that, rather than threatening to disqualify the mother's attorney if the mother refused to settle with the father with respect to the father's petition for child support, the Support Magistrate, in effect, allowed the father to waive his claim that the mother's counsel had to be disqualified from representing the mother in the child support proceeding, because she had been disqualified from representing the mother in the custody proceeding, for the purpose of proceeding with the settlement negotiated by the parties (see Smith v Smith, 188 AD2d 1004, 1005; see also Stilwell Value Partners IV, L.P. v Cavanaugh, 123 AD3d 641, 642). Additionally, the Support Magistrate ascertained during a colloquy with the mother that the mother had not been coerced into entering into the agreement, that the mother understood that the Family Court, Queens County, had disqualified the mother's attorney, and that the Support [*3]Magistrate would give the mother an opportunity to retain or speak with a different attorney if she wished to do so. The mother's claim that the Support Magistrate deprived her of due process by refusing to grant the mother's counsel an adjournment to brief the issue of counsel's disqualification or to seek a stay of the prior order disqualifying the mother's counsel is also belied by the record. At the proceeding on May 28, 2019, the mother's counsel indicated that her prior application for an adjournment for those purposes had become of no moment, since the parties had agreed to settle the matter.
Moreover, the terms of the parties' child support agreement were not unconscionable, insofar as reviewed with respect to the agreed-upon child support arrears. The Support Magistrate did not improvidently exercise her discretion in considering the mother's demonstrated earning potential, rather than her reduced income during the period of her fellowship in Louisiana (see Matter of Remsen v Remsen, 198 AD3d 658). Nor was it an improvident exercise of discretion to allow the parties to deviate from the Child Support Standards Act (Domestic Relations Law § 240[1-b]; hereinafter the CSSA) under these circumstances, where the parties had previously agreed to do so in the 2013 stipulation, and the court ensured that the parties were aware of what their obligations would have been under the CSSA (see Haik v Haik, 197 AD3d 465).
Nor, contrary to the mother's contentions, was vacatur of the 2019 support order necessitated by the law of the case doctrine. Although, in October 2019, this Court vacated the 2018 custody order, this Court's decision and order did not judicially determine the issue of the mother's child support obligation for the period of time that the father had custody of the child (see Pathak v Shukla, 164 AD3d 687; Barr v Cannata, 57 AD3d 813, 814; Matter of Cellamare v Lakeman, 36 AD3d 905). Moreover, "[c]ourts are generally prohibited from vacating accrued child support arrears" (Clark v Lisa, 263 AD2d 640, 642), and the mother has not shown why it would be just to relieve her of her agreed-to child support obligation that accrued while the child was in the custody of the father.
The father's contention that the Family Court should have granted that branch of his cross motion which was for an award of reasonable expenses, costs, and attorney's fees is not properly before this Court, as the father did not cross-appeal from the order dated October 22, 2020 (see Matter of Cavallo, 239 AD2d 187, 188; Al-Ev Constr. Corp. v Ahern Maintenance & Supply Corp., 141 AD2d 591, 592; Davis v Weg, 104 AD2d 617, 620; Matter of Blue v Wilkins, 71 AD2d 935, 936).
The mother's remaining contention, that the Family Court, Queens County, erred in sua sponte transferring the father's support petition to the Family Court, Nassau County, is unpreserved for appellate review and, in any event, waived.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court