■ SUBGAR REALTY CORP. et al., Respondents, v GOTHIC LUMBER &
MILLWORK, INC., et al., Appellants. — Order, Supreme Court, New York
County, entered October 14, 1980, granting plaintiffs' motion to dismiss
certain of defendants' affirmative defenses and counterclaims, is modified,
on the law and the facts, and in the exercise of discretion; plaintiffs' motion
to dismiss the affirmative defenses and counterclaims is denied *in toto;*
plaintiffs' motion to discontinue the action in the Supreme Court is denied;
the first three decretal paragraphs of the order appealed from are stricken;
and the order is otherwise affirmed, without costs. Plaintiffs moved to dis-
miss the counterclaims and affirmative defenses pursuant to CPLR 3211
(subd [a], par 5) on the ground of the Statute of Frauds (General Obligations
Law, § 5-703, subd 2). The Statute of Frauds being an affirmative defense, it
was incumbent on the movant to show that there was in fact no written
contract or "note or memorandum thereof." (General Obligations Law, § 5-
703, subd 2.) This fact should have been shown by affidavits from persons
having knowledge of the facts. The only supporting affidavits are those from
plaintiffs' attorneys. We have frequently said that affidavits from attorneys
without knowledge of the facts are without probative value (except insofar
as they may serve to call to the court's attention undisputed documentary
evidence). There is thus no evidence that there does not exist, perhaps even
in the decedent's papers or in the papers of any of the plaintiffs, some
memorandum of the alleged tenancy agreement. The court is unanimously
of the view that further examination of the facts by pretrial disclosure or on

trial is necessary before it can be determined whether or not such writings exist. A majority of the court is further of the view that factual issues are presented, including but not necessarily limited to, the question whether the claimed part performance by defendants is "unequivocally referable" to the claimed tenancy agreement requires a further exploration of the facts by pretrial disclosure or on trial, and that it is inappropriate for plaintiffs to discontinue this action in order to institute a separate summary proceeding in the Civil Court. Defendants appealed from the provisions of the order allowing plaintiffs to serve a reply and denying defendants' cross motion to file a statement of readiness and to permit disclosure proceedings thereafter. These points are not argued in the briefs and defendants' appeal is deemed abandoned as to these issues. Concur — Kupferman, J.P., Birns, Sandler and Fein, JJ.

Silverman, J., dissents in part in a memorandum as follows: I concur only on the insufficiency of the attorneys' affidavits and am of the view that as a matter of law the claimed part performance is not "unequivocally referable" to the alleged agreement so as to avoid the bar of the Statute of Frauds; that such claimed part performance is equally referable to and consistent with an expectation of long-term occupancy, whether based simply on factual expectations arising out of family relationship or agreement for some term other than that claimed by the tenant, and whether the rent be a bargain rent or a competitive commercial rent (that being what the dispute is really about). (Wilson v La Van, 22 NY2d 131, 134-135.) I dissent from the denial of leave to plaintiffs to discontinue their action in the Supreme Court. [82 AD2d 731.]