■ In the Matter of CITY OF BUFFALO et al., Respondents, v BUFFALO POLICE BENEVOLENT ASSOCIATION, INC., et al., Appellants. [721 NYS2d 190] —Judgment unanimously affirmed without costs. Memorandum: Petitioners brought this proceeding pursuant to CPLR articles 76 and 78 seeking judicial appointment of 60 Hearing Officers to convene "formal" conferences or hearings in over 100 disciplinary matters involving Buffalo police officers, and also asking Supreme Court to compel respondents to cooperate in scheduling hearings at a rate of at least four per month. Respondents appeal from a judgment that ostensibly granted petitioners' application "in all respects" but in actuality ordered respondents to select Hearing Officers from among those proposed by petitioners within 10 days of the date of entry of the court's order; advised that the court would appoint Hearing Officers in the event that respondents failed to adhere to the foregoing provision; ordered respondents to schedule formal hearings at the rate of up to one per week; and ordered the parties to cooperate in the scheduling of grievance matters.

Respondents contend that petitioners are required to arbitrate the subject dispute; that the court lacked jurisdiction to entertain petitioners' unilateral application for judicial appointment of Hearing Officers; and that the court improperly ordered the scheduling of hearings.

Respondents' contention that the dispute must be arbitrated is raised for the first time on appeal and thus is not preserved for our review. In addition, there is no basis on this record for concluding that the dispute must be arbitrated because the record does not contain that portion of the Collective Bargaining Agreement (CBA) containing the arbitration clause. In any event, paragraph 12.2 of the CBA provides a mechanism for court appointment of the Hearing Officer in the event that the parties are unable to agree upon one, and that specific provision necessarily would control over a general arbitration provision.

The court had jurisdiction to entertain the petition pursuant to paragraph 12.2 of the CBA, which provides that "[i]f the parties are unable to agree upon a hearing officer * * * then the parties shall mutually apply to the Supreme Court of the State of New York for the appointment of a hearing officer." Although respondents contend that the court lacked jurisdiction to entertain a unilateral application by petitioners for judicial appointment of a Hearing Officer, we conclude that respondents' argument distorts the plain meaning of the provision by attempting to separate the phrase "mutually apply" from the

word that immediately precedes it, i.e., "shall." Petitioners are fulfilling their contractual obligations by applying for judicial appointment of a Hearing Officer, and respondents are in breach of the agreement insofar as they failed to join in and instead attempt to obstruct petitioners' application for judicial appointment. Respondents' contention that the court lacks jurisdiction is further undermined by CPLR 7601, which provides, "A special proceeding may be commenced to specifically enforce an agreement * * * that * * * [an] issue or controversy be determined by a person named or to be selected."

We have considered respondents' remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Kehoe, JJ.