# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1230**
**CA 12-00192**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF JEFFREY M. CARSON AND
PATRICIA A. CARSON, PETITIONERS-APPELLANTS,

          V                                                     MEMORANDUM AND ORDER

TOWN OF OSWEGO ZONING BOARD OF APPEALS,
RESPONDENT-RESPONDENT.

---

MULDOON & GETZ, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

UNDERBERG & KESSLER LLP, BUFFALO (COLIN D. RAMSEY OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------------

    Appeal from a judgment (denominated order) of the Supreme Court,
Oswego County (Norman W. Seiter, Jr., J.), entered October 19, 2011 in a
proceeding pursuant to CPLR article 78. The judgment, inter alia,
dismissed the petition.

    It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

    Memorandum: Petitioners, the owners of 50 lots in a subdivision in
the Town of Oswego (Town), commenced this CPLR article 78 proceeding
seeking in effect to annul respondent's determination that, inter alia,
"affirmed" the Town Code Enforcement Officer's denial of petitioners'
applications for building permits for 10 of their lots. Supreme Court,
inter alia, dismissed the petition on the ground that petitioners failed
to exhaust their administrative remedies. The court concluded that the
relevant lots are subject to the Town's Subdivision Regulations
(Subdivision Regulations) and thus that petitioners must follow the
"Subdivision Review Procedure" set forth therein, which requires that
they submit to a "review" by the Town's Planning Board (Planning Board)
before any building permits may be issued. We affirm.

    Petitioners contend that a subdivision map was filed with the
Oswego County Clerk's Office in 1963 after the Town approved the
subdivision, but before the enactment of the Subdivision Regulations,
and that Town Law § 276 (2) requires the Town to pass a resolution in
order to allow the Planning Board to review the previously filed
subdivision map. Petitioners contend that, because the Town did not
pass such a resolution, the Planning Board lacks jurisdiction to review
the subdivision map. That contention is raised for the first time on
appeal and therefore is not properly before us (*see Matter of Cave v*

*Zoning Bd. of Appeals of Vil. of Fredonia*, 49 AD2d 228, 230-231, *lv denied* 38 NY2d 710; *see generally Matter of City of Buffalo v Buffalo Police Benevolent Assn.*, 280 AD2d 895, 895).  Petitioners further contend that the Subdivision Regulations do not apply to the lots at issue because the subdivision in which they are located was developed and thus that respondent's determination was arbitrary and capricious.  The record establishes that the court reserved decision "pending receipt of relevant maps," which it apparently received.  The stipulated record on appeal, however, does not include any maps, and we therefore are unable to determine whether the Subdivision Regulations apply here.  Thus, we "are unable to determine the merits of petitioner[s'] contention[] inasmuch as the record on appeal is incomplete" (*Matter of Rodriguez v Ward*, 43 AD3d 640, 641).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court