Dompé Farmaceutici S.P.A. v Lubris, LLC (2021 NY Slip Op 06440)





Dompé Farmaceutici S.P.A. v Lubris, LLC


2021 NY Slip Op 06440


Decided on November 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 18, 2021

Before: Webber, J.P., Kern, González, Mendez, Shulman, JJ. 


Index No. 656142/17 Appeal No. 14644-14644A Case No. 2021-00491, 2021-00549 

[*1]Dompé Farmaceutici S.P.A., Plaintiff-Appellant,
v
Lubris, LLC, Defendant-Respondent.


Herbert Smith Freehills New York LLP, New York (Scott S. Balber of counsel), for appellant.
Dewey Pegno & Kramarsky LLP, New York (Thomas E.L. Dewey of counsel) and Sidley Austin LLP, New York (Eamon P. Joyce of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about April 14, 2020, which granted defendant's motion pursuant to CPLR 7601 and 7503(a) to stay the action and compel resolution of all of plaintiff's claims by an independent expert, unanimously modified, on the law, to refer only Count X of the amended complaint to the expert, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 22, 2021, which denied plaintiff's motion to renew and lift the stay, unanimously dismissed, without costs, as abandoned.
As of July 14, 2014, the parties entered into a Development and License Agreement (License Agreement) and a Commercial Supply Agreement. The baseline forum selection clause in both contracts provides that the courts of this state have exclusive jurisdiction over "all matters regarding the existence, interpretation, execution, validity, enforceability, performance and termination" of the applicable contract. However, section 14.5.1 of the License Agreement provides that a dispute "on any matter regarding the Development Program [and/or] the Business Plan which cannot be amicably resolved" shall be referred to an independent expert.
Of the 11 remaining causes of action in the amended complaint, only one — denominated Count X — mentions the Development Plan. (The Development Plan is part of the Development Program.) Thus, only Count X should be referred to the expert (see e.g. Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 26 NY3d 659, 674 [2016] ["a party cannot be required to submit to arbitration any dispute which he or she has not agreed so to submit"] [brackets and internal quotation marks omitted]).
Plaintiff contends that even Count X should not be submitted to the expert, because section 5.1.3 of the License Agreement, as amended, provides in pertinent part that "the Independent Expert Decision process may not be utilized to seek changes to any approved Development Plan." However, it is far from clear that submitting Count X to the expert would result in changes to the Development Plan. Because section 14.5.1 of the License Agreement is a narrow arbitration clause, the question is whether Count X is "on its face within the purview of the clause" (see e.g. McDonnell Douglas Fin. Corp. v Pennsylvania Power & Light Co., 858 F2d 825, 832 [2d Cir 1988]). Count X is a dispute on a matter regarding the Development Program, and the face of Count X does not indicate that the Independent Expert Decision process would be used to seek changes to any approved Development Plan. Thus Count X is on its face within the purview of section 14.5.1.
While we are referring only Count X to the expert, we agree with the motion court that the entire action should be stayed. The expert's decision might affect the other causes of action. Referral will not cause undue delay, as the License Agreement requires the expert to make a decision within 90 days of appointment[*2].
Plaintiff's contention that CPLR 7601 is limited to quantitative matters such as valuation and appraisal is unavailing (see Matter of City of Buffalo v Buffalo Police Benevolent Assn., 280 AD2d 895, 896 [4th Dept 2001] [statute applies to the process of appointing a hearing officer]).
In its opening brief, plaintiff failed to make any legal arguments as to why renewal should have been granted. Hence, it abandoned its appeal from the 2021 order (see e.g. Subgar Realty Corp. v Gothic Lbr. & Millwork, 80 AD2d 774, 775 [1st Dept 1981]). In the alternative, we find that renewal was properly denied inasmuch as the new facts would not have warranted a change in the prior determination (see ACS State & Local Solutions v Citicorp Elec. Fin. Servs., 5 AD3d 105, 106 [1st Dept 2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2021